UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
**DARLERY FRANCO, et al.,** :
:
    **Plaintiffs** :
:
    v. :     Civil Action No. 07-6039(FSH)
:
:
**CONNETICUT GENERAL LIFE INS.** :     ORDER ON INFORMAL
**CO., et al.,** :     APPLICATION
    **Defendants** :
:
_____:

    This matter having come before the Court by way of submission dated July 2, 2008;

    and the Court having considered the submission, record of proceedings, claims and defenses;

    and for the reasons set forth in the Opinion delivered on the record on July 7, 2008;

    and for good cause shown

    IT IS ON THIS 7th day of July, 2008

    ORDERED that the defendants may decline to produce .exe files if they produce certifications that states that such files either contain no data and are solely software programs or certify that any and all data that may be within .exe files have been produced as part of other data or documents.  Said certification or the .exe files (if a certification cannot be provided) shall be produced no later than **August 1, 2008**;

    IT IS FURTHER ORDERED that, if the plaintiffs seek additional the information concerning why individuals listed in 2004 were not identified on the custodians list, then they may probe this topic at a Rule 30(b)(6) deposition of the defendant;

IT IS FURTHER ORDERED that, with respect to documents produced on or before **June 30, 2008**, if the plaintiffs find a document that appears to require a password, then the plaintiffs shall request same and provide the defendant with the document or identifier (i.e. Bates No.) and the defendants (no later than seventy-two hours after receipt of the request) shall provide the plaintiffs with the password needed to access the information or provide the information itself. With respect to documents produced on or after July 1, 2008, defendants shall produce the passwords or information accessible through the password for all such documents; and

IT IS FURTHER ORDERED that no later than **July 15, 2008**, the parties shall confer and present proposals that will present a method for determining whether or not complete production to each document demand has occurred.  Because the defendants have declined to provide the plaintiffs with responses to each document demand that identify by Bates No. or other description the documents that are responsive to the particular document demand, the defendants shall propose a method to the plaintiffs by which the plaintiffs and the Court, if it needed to, would be able to determine: (1) if documents to a particular demand were produced or (2) if no responsive documents were produced (whether based on privilege or because there are no responsive documents in the possession, custody or control of the defendants).  Nothing herein operates to require the defendants to produce documents in a manner other than as they have represented, namely "as they are kept in the usual course of business."  Joint Letter, dated July 2, 2008 at 11,  or as  plaintiff requested, namely "in the order in which they appear in their files and documents shall not be otherwise arranged."  Id. at Ex. 13, ¶ 2, Ex. 14 at ¶ 2; Ex. 15 at ¶ 2.

      s/Patty Shwartz
      UNITED STATES MAGISTRATE JUDGE