UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
**DARLERY FRANCO, et al.,**             :
    **Plaintiffs**   :
                                        :
  **v.**                      :      **Civil Action No. 07-6039(FSH)**
                                        :
                                        :**ORDER ON INFORMAL APPLICATION**
**CONNETICUT GENERAL LIFE INS.**        :
**CO., et al.**                         :
    **Defendants**  :
                                        :
_____ :

    This matter having come before the Court by way of letter dated February 19, 2009, regarding the plaintiff's request to extend the deadline to file her class certification motion until after merits experts reports have been disclosed;

    and plaintiff's asserting that <u>In re Hydrogen Peroxide Antitrust Litigation</u>, 552 F.3d 305, 307 (3d Cir. 2008) suggests that merits expert reports should be produced before class certification is decided;

    and the defendants advising that they do not oppose a thirty or sixty-day extension of the deadline to file the class certification motion, but argue that <u>In re Hydrogen Peroxide</u> does not mandate merits expert reports be disclosed before class certification can be decided;

    and the Court noting that while <u>In re Hydrogen Peroxide Antitrust Litigation</u>, 552 F.3d 305, 307 (3d Cir. 2008) suggests that there are circumstances where such discovery is needed, this does not appear to be such a case;[1]

---

[1] The Court has considered the claims and facts out of which the claims arise and Fed. R. Civ. P. 23. Plaintiff will presumably argue that each of the punitive class members were injured by the use of out-dated data. The nature of the data and its age can be explained through factual submissions. Moreover, plaintiff has not shown that issues concerning how defendant

and the parties having been given an opportunity to provide expert reports required for class certification motions and hence could have presented such expert testimony;

and the Court therefore declining to hold class certification motion practice in abeyance until merits expert reports are completed;

and the Court nonetheless providing an extension of the deadline for such a motion to be filed so that the parties can complete the depositions needed to present the motion;

and for good cause shown,

IT IS ON THIS 20th day of February, 2009

ORDERED that the request to extend the deadline to file the motion for class certification is granted in part.  The class certification motion shall be filed no later than **April 30, 2009.** The opposition shall be filed no later than **May 18, 2009** and the reply shall be filed no later than **May 26, 2009.**  The return date shall be **June 1, 2009** before the Hon. Faith S. Hochberg.  Her Honor's Chambers will advise the Court if oral argument will be required.

                                      s/Patty Shwartz
                                      **UNITED STATES MAGISTRATE JUDGE**

---

contributed the data, as opposed to whether or not defendant contributed the data, either requires expert testimony or are relevant to Rule 23 issues.  Finally, plaintiff suggests that the Court should have merits expert reports "available," see Joint Letter at 2, but does not assert such reports are needed to evaluate the Rule 23 factors.