UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CONNECTICUT GENERAL LIFE INSURANCE CO., et al., <br><br> Defendants. | : *Document Electronically Filed* <br> : <br> : <br> : **Case No. 07-cv-6039 (SRC) (PS)** <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : Motion Date: December 7, 2009 <br> : |

# MEMORANDUM IN SUPPORT OF
# DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS
# THE CONSOLIDATED COMPLAINT RE: *HIGASHI*

Brian J. McMahon, Esq.
E. Evans Wohlforth, Jr., Esq.
William P. Deni, Jr., Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
       and
William H. Pratt, Esq.
Zachary S. Brez, Esq.
Joshua B. Simon, Esq.
Andrew R. Dunlap, Esq.
**KIRKLAND & ELLIS LLP**
Citigroup Center
153 East 53rd Street
New York, New York 10022
(212) 446-4800

Attorneys for Defendants

## INTRODUCTION

*Higashi v. Connecticut General Life Insurance Co., et al.* (Civ. No. 09-4348) was recently transferred to this Court from the Central District of California and, per this Court's Case Management Order, is being consolidated with *Franco v. Connecticut General Life Ins. Co.*, et al. (Civ. No. 07-6039). CIGNA moved to dismiss the Consolidated Amended Complaint in *Franco* on September 9, 2009, and now, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to this Court's CMO, and to an Order of the transferring court, moves to dismiss the *Higashi* Complaint for the reasons set forth in that motion. CIGNA submits this Supplemental Motion to Dismiss to briefly address two unique aspects of the *Higashi* Complaint.

## BACKGROUND

Stephanie Higashi originally filed her claims on April 10, 2009 in the District of New Jersey. On April 20, 2009, she withdrew that complaint. A few months later, on June 17, 2009, this Court issued a Case Management Order that consolidated all cases pending against CIGNA in this District concerning CIGNA's use of the Ingenix database to determine "reasonable and customary" ("R&C") reimbursement amounts. The same day, Ms. Higashi filed her current class action complaint in the Central District of California, alleging claims on behalf of non-MD providers under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and the Sherman Antitrust Act. On August 26, 2009, the Central District entered an order granting CIGNA's unopposed motion to transfer Ms. Higashi's case to this Court. The Central District separately ordered CIGNA to file a response to the *Higashi* Complaint within 30 days of transfer -- that is, by September 25, 2009. CIGNA now files its Supplemental Motion to Dismiss the *Higashi* Complaint.

**ARGUMENT**

Since the *Higashi* Complaint brings RICO and Sherman Act claims that are substantively identical to the Consolidated Amended Complaint, CIGNA moves to dismiss those claims for the reasons stated in CIGNA's Motion to Dismiss the Consolidated Complaint. This Supplemental Motion briefly further addresses two aspects of those claims unique to Ms. Higashi: her lack of standing and her failure to plead a valid relevant market under the Sherman Act.

First, Ms. Higashi lacks standing to bring any of her claims. Under Article III, a plaintiff must allege that she, herself, suffered an "injury in fact" that was proximately caused by the defendant's conduct. *See Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 455 (3d Cir. 2003). Here, while Ms. Higashi alleges that she was underpaid for her services, she alleges that this left "***CIGNA Members***" -- not CIGNA -- "financially responsible for unpaid amounts[.]" (Compl. ¶ 22 (emphasis added); see also Compl. ¶¶ 3, 6, 11.) That is, Ms. Higashi has not alleged an injury in fact caused by CIGNA's conduct, and thus lacks standing to bring any of her claims. *See, e.g.*, *Sponaugle v. First Union Mortgage Corp.*, 40 F. App'x 715, 716 (3d Cir. 2002).

Unlike the other Provider Plaintiffs in the Consolidated Amended Complaint, Ms. Higashi does not claim standing as her patients' assignee. But to the extent that her Complaint could be read that way, Ms. Higashi has not pled an assignment of her patients' RICO or Sherman Act claims that is "express," as the law requires. *See Lerman v. Joyce Int'l, Inc.*, 10 F.3d 106, 112 (3d Cir. 1993). While she makes general assertions that nonpar providers "***may*** also agree to accept an assignment of benefits," (Compl. ¶ 3 (emphasis added)), such "[v]ague references to a common practice of non-network providers" are not enough to establish an actual assignment. *N. Jersey Ctr. for Surgery, P.A. v. Horizon Blue Cross Blue Shield of N.J.*,

*Inc.*, No. 07-4812, 2008 WL 4371754, at *4 (D.N.J. Sept. 18, 2008). Indeed, any attempt by Ms. Higashi to assert assignee standing would be even weaker than the already weak attempts of other Provider Plaintiffs, as she does not identify (1) a single patient to whom she provided services; (2) a single instance where she billed a patient for charges that CIGNA did not cover; or (3) a single assignment of benefits that such patients might have made to her. Without such allegations, Ms. Higashi cannot show that any of her patients made an "express" assignment to her of their RICO or antitrust claims, and she lacks standing to bring those claims on their behalf. *See, e.g.*, *In re Jamuna Real Estate, LLC*, 382 B.R. 263, 276-77 (Bankr. E.D. Pa. 2008).

Second, Ms. Higashi does not plead a cognizable antitrust injury in the relevant market. She claims that the relevant market is "the market for data services used to calculate UCR rates for claims from patients for out-of-network, non-negotiated medical services" (Compl. ¶ 108) -- essentially the same "Data Market" described in the Consolidated Complaint. But unlike that Complaint, Ms. Higashi's Complaint does not identify any sort of "Linked Market" in which she participated or suffered any harm. The Third Circuit has repeatedly held that a "plaintiff who is neither a competitor nor a consumer in the relevant market does not suffer antitrust injury." *Schuylkill Energy Res., Inc. v. Penn. Power & Light Co.*, 113 F.3d 405, 415 (3d Cir. 1997) (quotations and citations omitted). Because neither Ms. Higashi nor her patients provide or consume "data services used to calculate UCR rates," Ms. Higashi has no cognizable antitrust injury and her antitrust claims should be dismissed. *See, e.g.*, *Gregory Mktg. Corp. v. Wakefern Food Corp.*, 787 F.2d 92, 95 (3d Cir. 1986).

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in CIGNA's Motion to Dismiss the Consolidated Amended Complaint, CIGNA respectfully requests that this Court dismiss all of Ms. Higashi's claims with prejudice.

Dated: September 25, 2009

| | |
|---|---|
| William H. Pratt, Esq.<br>Zachary S. Brez, Esq.<br>Joshua B. Simon, Esq.<br>Andrew R. Dunlap, Esq.<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>(212) 446-4800 | s/Brian J. McMahon<br>Brian J. McMahon, Esq.<br>E. Evans Wohlforth, Jr., Esq.<br>William P. Deni, Jr., Esq.<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, New Jersey 07102-5310<br>(973) 596-4500 |

Attorneys for Defendants