UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DARLERY FRANCO, et al.** : | |
| : | |
| Plaintiff : | Civil Action No. 07-6039(FSH) |
| : | |
| v. : | |
| : | |
| **CONNETICUT GENERAL LIFE, et al.** : | |
| : | |
| Defendant : | |

**ORDER ON INFORMAL**
**APPLICATION**

This matter having come before the Court by way of submission dated December 10, 2009, regarding disputes concerning class certification discovery;

and the Court having reviewed the submission, claims, defenses, record of proceedings, and governing law;

and for the reasons set forth in the Opinion delivered on the record on December 29, 2009;

and for good cause shown,

IT IS ON THIS 24th day of December, 2009

ORDERED that, with respect to the interrogatories that CIGNA served upon the Provider and Association Plaintiffs, the Provider and Association Plaintiffs shall provide responses to the

interrogatories no later than **January 6, 2010**;

IT IS FURTHER ORDERED that the plaintiffs' objection based upon a violation of the portion of the order that precluded the service of additional interrogatories through the use of subparts is overruled;

IT IS FURTHER ORDERED that, with respect to document demands CIGNA served upon the Provider and Association Plaintiffs, the Provider and Association Plaintiffs shall provide responses, including copies of the responsive documents, no later than **January 6, 2010**;

IT IS FURTHER ORDERED that, with respect to Document Demands that Cigna contends are duplicative of demands already served and to which responses were provided, CIGNA shall produce a certification from a person with knowledge that: (1) verifies the information contained in Exhibit 17 and (2) states that all responsive documents to the document demands served after the entry of the case management order have been searched for and produced.  If the representative is not able to so certify that the documents sought through such demands have been produced, then the responsive documents shall be produced no later than **January 22, 2010**;

IT IS FURTHER ORDERED that, no later than **January 7, 2010**, the parties shall present to the Court a list of dates that counsel have reserved to conduct depositions that are needed to complete class fact discovery;

IT IS FURTHER ORDERED that, with respect to Cigna Document Demand No. 15 served upon all plaintiffs and Cigna Document Demand Nos. 11 and 12 served upon the Association Plaintiffs, and to the extent the documents are in the possession of the Provider or Association Plaintiffs (rather than their counsel), no later than **January 22, 2010**, the plaintiffs

shall produce: (1) the documents that relate to the conduct alleged in the Consolidated Complaint and RICO case statement, (2) documents submitted to Courts in connection with hearings for approval of settlements of the <u>In re Managed Care Settlement</u>, <u>United Healthcare Settlement</u>, <u>UHC-Settlement</u>, <u>Health Net Settlement</u>, and <u>AMA UCR Settlements</u>; (3) documents provided to experts retained to testify and the final written reports that they disclosed about nonpar reimbursement or the Ingenix Database in <u>In Re Managed Care Litigation</u>, <u>Healthnet Litigation</u>, and <u>United Healthcare Litigation</u>, which at this time shall be for outside counsel's eyes only;

IT IS FURTHER ORDERED that any unresolved discovery disputes concerning Rule 30(b)(6) depositions shall be presented via the joint letter protocol no later than **January 13, 2010**; and

IT IS FURTHER ORDERED that the parties are to follow the format for presenting discovery disputes, which requires the parties to set forth in the submission itself (1) the discovery demand and the response, and (2) why the party who received the response believes the response is deficient and the information sought is relevant and not otherwise objectionable, and (3) why the party who provided the response believes its response was appropriate. The information addressing Item No. 3 should appear immediately after the portion of the submission that addresses Item No. 2 so that the Court can obtain both positions parties per issue. Inclusion of the information in the "meet and confer" letters only, even if provided as an attachment/exhibit to the joint submission will not be considered.

s/Patty Shwartz  
**UNITED STATES MAGISTRATE JUDGE**