NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, et al., | : : : | **Civil Action No. 07-6039 (SRC)** |
| Plaintiffs, | : : | **OPINION & ORDER** |
| v. | : : | |
| CONNECTICUT GENERAL LIFE INSURANCE CO., et al., | : : : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendants Connecticut General Life Insurance Company, CIGNA Corporation and CIGNA Health Corporation (collectively, "Defendants" or "CIGNA") to strike Plaintiff Stephanie Higashi's withdrawal of her notice of voluntary dismissal [docket entry 310]. The motion, filed on January 19, 2010, remains unopposed to date. The Court has considered the papers filed on this motion and, pursuant to Federal Rule of Civil Procedure 78, rules without oral argument. For the reasons that follow, the Court will grant the motion.

**I.   BACKGROUND**

The instant matter concerns the viability of claims brought by Plaintiff Dr. Stephanie Higashi d/b/a Mar Vista Institute of Health ("Plaintiff" or "Higashi"). The Higashi Complaint

was filed on January 17, 2009 in the United States District Court for the Central District of California, Western Division.  On Defendants' unopposed motion, the court in the Central District of California transferred the Higashi action to this Court on August 28, 2009.  The Higashi action was docketed in the District of New Jersey as Civil Action no. 09-4430.  Because the Higashi Complaint involves claims brought against CIGNA by an out-of-network provider for reimbursement of claims allegedly underpaid based on an artificially low usual and customary rate, it was consolidated into the above-captioned Franco action, docketed 07-6039, pursuant to Paragraph 1.b. in Franco Case Management Order No. 1 [docket entry 210].  The Higashi Complaint nevertheless continued in effect independent of the Consolidated Amended Complaint filed by other Plaintiffs in the action.

    This motion turns on the force of Higashi's voluntary notice of dismissal of her claims without prejudice and the effect, if any, of her attempt to withdraw that notice days after it was filed.  In particular, on January 8, 2010, Higahsi filed with this Court a notice that she voluntarily dismissed her claims without prejudice [docket entry 303].  The notice stated that she did so to comply with a November 30, 2009 order entered in the United States District Court for the Southern District of Florida.  That order, issued by Chief Judge Federico A. Moreno, granted a motion brought by CIGNA in a multi-district litigation captioned In re Managed Care Litigation (MDL 1334), to enforce an injunction against Higashi.  Judge Moreno's November 30, 2009 order directed Higashi to withdraw her Complaint on file before this Court within 20 days of the order, on the grounds that her claims against CIGNA had been released under the terms of the In re Managed Care Settlement Agreement.  The January 8, 2010 notice of voluntary dismissal also stated that "Plaintiff reserves the right to reinstate her claims in the event said Order is stayed or

reversed." On January 13, 2010, Higashi filed a second notice, which purported to withdraw the notice of voluntary dismissal of her claims. The January 13, 2010 notice stated that "the Order requiring such dismissal was stayed by the United States Court of Appeals for the Eleventh Circuit by way of Order dated January 12, 2010." [docket entry 304]. Apparently, Higashi was mistaken, for the January 12, 2010 Order of the Eleventh Circuit stayed another injunction order entered in the In re Managed Care MDL, not the one pertaining to her. By letter of January 14, 2010, Higashi informed this Court that she had sought a stay of Judge Moreno's Order, that it appeared to her that the application had been overlooked by the Eleventh Circuit by some procedural or administrative glitch and that she was endeavoring to fix the problem.

In any event, whatever process Higashi was pursuing in the Eleventh Circuit, on January 19, 2010, CIGNA filed in this action the instant motion to strike Higashi's withdrawal of her notice of voluntary dismissal. It makes two arguments in support of its motion. First, it argues that the withdrawal should not be countenanced by the Court because it is based on the erroneous premise that the MDL order directing her to dismiss her claims had been stayed. Thus, CIGNA maintains, her attempt to withdraw the dismissal of her claims violated the in-effect MDL Order.[1] Second, CIGNA argues that her attempt to reinstate her claims by withdrawing the voluntary notice of dismissal contravenes Federal Rule of Civil Procedure 41(a)(1) and Third Circuit jurisprudence interpreting that rule.

---

[1] CIGNA submitted a letter on April 28, 2010 providing this Court with an update as to the status of Higashi's pursuit of relief from the Eleventh Circuit [docket entry 373]. It advised that her appeal of the November 30, 2009 order directing her to withdraw her claims in this litigation had been dismissed by the Eleventh Circuit for lack of jurisdiction. In the letter, CIGNA impressed upon the Court its position that Higashi had no basis to support her withdrawal and attempt to pursue the Higashi Complaint.

**II.   DISCUSSION**

Though Higashi's Notice of Voluntary Dismissal does not explicitly invoke the rule, it was filed pursuant to Federal Rule of Civil Procedure 41(a)(1). That rule permits a plaintiff to dismiss her claims voluntarily and without prejudice "without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed.R.Civ.P. 41(a)(1)(A)(i). In this case, at the time the notice was filed, Defendant had not filed an answer or motion for summary judgment. Thus, the action had not yet reached "the point of no return." In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165 (3d Cir. 2008). Up to this point, the right of a plaintiff to terminate the action she filed is "unfettered." Id. "A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it." Id.

Indeed, the Third Circuit has unequivocally held that the effect of a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1) is automatic - meaning no court order is needed to activate the party's decision to terminate the litigation - and immediate. Id. At the moment it is filed, the notice of dismissal extinguishes the action and, moreover, deprives the court of jurisdiction over any further proceedings in regard to the action. Id. at 166; see also Clark v. City of Coatesville, No. 04-4039, 2007 WL 2791427, at * 1 (E.D.Pa. Sept. 25, 2007) (applying well-established Third Circuit jurisprudence to hold that district court lacked jurisdiction to reinstate a complaint after a plaintiff filed a voluntary notice of dismissal under Rule 41(a)(1), despite plaintiff's argument that he had dismissed his suit based on what he claimed were defendant's false assurances that it would assist him in obtaining compensation to rectify the alleged violations). In other words, once a plaintiff files a proper notice of voluntary

dismissal without prejudice in accordance with Rule 41(a)(1), the action cannot be revived by either a party's or the court's attempts to undo the dismissal. In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d at 165-66; Clark, 2007 WL 2791427, at *1.

Higashi's attempt to retract the notice of voluntary dismissal is, therefore, a nullity. The January 13, 2010 filing expressing her desire to withdraw that notice cannot reinstate her Complaint, which was terminated upon the filing of her notice of voluntary dismissal without prejudice. Nor can this Court enforce that purported withdrawal, as Higashi's immediately effective notice of voluntary dismissal also divested this Court of jurisdiction over the Higashi action. The notice's reservation of rights to reinstate the Complaint does not and cannot confer jurisdiction upon this Court.

The Third Circuit has, however, held that a court does retain jurisdiction to decide collateral matters related to the extinguished action. Schering Corp. v. Vitarine Pharms., Inc., 889 F.2d 490, 495 n. 6 (3d Cir. 1989). Thus, while it lacks power to resolve the merits of the Higashi dispute, the Court has properly entertained the instant motion, which at its essence has requested that the Court rule on the question of whether a live case or controversy initiated by the Higashi Complaint continues to exist. The Court holds that it does not, and moreover, because it ceased to exist upon Higashi's filing of her notice of voluntary dismissal on January 8, 2010, all proceedings after that dismissal attempting to revive the Higashi Complaint and/or to pursue the merits of the Higashi action are null and void.

**III.    ORDER**

Accordingly, for the foregoing reasons,

**IT IS** on this 30th day of June, 2010,

**ORDERED** that Defendants' motion to strike Plaintiff Stephanie Higashi's withdrawal of her notice of voluntary dismissal [docket entry 310] be and hereby is **GRANTED**; and it is further

**ORDERED** that Defendants' motion to dismiss the Higashi Complaint [docket entry 257] be and hereby is **DISMISSED AS MOOT**.

      s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge