UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, ET AL., | : |
| Plaintiffs, | : Civil Action No. 07-6039 (SRC) |
| v. | : |
| CONNECTICUT GENERAL LIFE, ET AL., | : ORDER APPOINTING SPECIAL MASTER |
| Defendants. | : |

This matter having come before the Court by way of, among other things, the letter dated June 22, 2010, advising the Court that defendants have designated as privileged or protected from disclosure under the work product rule over 1,800 documents, spanning over 12,500 pages, that the plaintiffs contend are not protected by a privilege or the work product rule; and the Court having previously advised the parties that, given the volume of documents, it may consider the appointment of a Special Master; and the Court concluding and the parties agreeing that the submission of claims of privilege/work product protection to a Special Master appointed under Fed. R. Civ. P. 53 is warranted by the volume of such claims and challenges and by the likelihood that in camera inspection may be needed to rule on these claims; and the Court concluding that the task of ruling upon such challenges should be accomplished, to the extent possible, by someone other than a judge to whom this litigation has been assigned; and for good cause shown,

IT IS ON THIS 12th day of July, 2010

ORDERED:

1. Ronald J. Hedges[1] is appointed under Rule 53 as special master for the purpose of considering all challenges to claims of privilege and work product protection that have been asserted over documents listed on privilege log and for such other matters the Court may refer to the Special Master. The Special Master shall be disqualified as a witness in any pending or subsequent litigation concerning the dispute that is the subject of this referral.

2. The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with that rule or with this or other Orders of the Court. Unless directed otherwise by the Special Master or the Court, no later than **July 23, 2010**, the defendants shall provide the Special Master with a privilege log listing only the documents plaintiffs intend to challenge. The log shall identify the document or other communication sought to be protected from disclosure, including the date, the person making the statement, the persons to whom or in those presence the statement was made, or persons to whom copies of such documents were disclosed, the general subject matter of the communication (unless itself claimed to be privileged), the particular privilege(s) or doctrine(s) upon which protection against disclosure is based, and any other circumstances affecting the existence, extent, or waiver of the privilege. The Special Master may require that claims of privilege or applicability of the work product rule be verified. The Special Master shall proceed with all reasonable diligence and create a record of proceedings, take

---

[1] Although the two former judicial officers the parties proposed are naturally equal to the task and would serve as outstanding Special Masters, the United States District Judge and United States Magistrate Judge selected the Special Master based upon his experience, skills, and knowledge of the law. The Court vests the Special Master with complete discretion to establish a plan for review of the documents, collection of evidence, and briefing. For example, in the discretion of the Special Master, the parties may be required to agree upon categories of documents or samples of documents and be bound by rulings made based upon samplings of documents. The parties shall advise the Court and the Special Master of any apparent, potential, or actual conflict of interest no later than **July 23, 2010.**

testimony or obtain submissions, and impose whatever procedures he deems appropriate to fulfill his duties under this Order. No motions may be filed without permission of the Special Master <u>and</u> the Court.

3. There shall be a telephone conference with the Special Master on **a date selected by the Special Master.** Plaintiffs shall initiate the telephone call.

4. There shall be hearings before the Special Master on **dates that he selects** in the U.S. Courthouse, Martin Luther King Building, 50 Walnut Street, Newark, New Jersey. The plaintiffs shall arrange for a court reporter.

5. Unless the Special Master states he needs additional time, no later than **October 15, 2010**, the Special Master shall make findings of fact and conclusions of law with respect to the matters presented by the parties and shall report same to the Undersigned and to the United States District Judge pursuant to Rule 53(f) as applicable in nonjury actions. Unless directed by the Court or believed advisable by the Special Master, the report shall not be accompanied by a transcript of the proceedings, the evidence, or the exhibits. Such parts of the report, if any, that may be privileged or protected by the work product rule shall be filed under seal pending further Order of the Court and a redacted version of the report shall be provided to the defendants and filed on the public docket.

6. Any appeal of or objections to the findings or conclusions of the Special Master must be filed within the time frame set forth in Local Civ. Rule 72.1(c)(1). By agreement of the parties, the parties may waive their rights to further appeals of the findings or conclusions of the Special Master or of this Court's resolution of any objections to the Special Master's findings or conclusions.

7. Compensation shall be $500 per hour[2] and shall be paid to the Special Master on a periodic basis by the parties, together with reimbursement for reasonable expenses that the Special Master incurs. The Special Master may employ attorneys at a rate of no more than $250 per hour. Such persons shall be under the supervision and control of the Special Master, who shall take appropriate action to ensure that such persons preserve the confidentiality of matters submitted to the Special Master for review. The compensation shall be split between the parties at this time and be the responsibility of the parties and not the law firms representing them. Final allocation of these amounts shall be subject to taxation as costs at the conclusion of the case at the discretion of the court.

8. The Clerk shall mail a copy of this Order to the Special Master and to counsel for the parties.

                                                          s/Patty Shwartz
                                                          **UNITED STATES MAGISTRATE JUDGE**[3]

---

[2] Fees in the amounts of $400-$500 have been approved in other cases. See, e.g., Net2Phone, Inc. v. eBay, et al., Civ. No. 06-2469 (KSH), Docket Entry No. 146 (approving $540 for former Magistrate Judge Ronald Hedges); Wachtel v. Health Net, Civ. No. 01-4183 (FSH), Docket Entry No. 229 (D.N.J. June 24, 2005) (approving $600 for retired Judge Alfred M. Wolin); Smart Parts, Inc. v. WDP Ltd., Civ. No. 02-1557, 2005 WL 35834, at *6 (D. Or. Jan. 7, 2005) (approving $500 per hour); Triple Five of Minn. v. Simon, Civ. No. 99-1894, 2003 WL 22859834, at *2 (D. Minn. Dec. 1, 2003) (approving $400 per hour); see also Fund for Accurate & Informed Representation, Inc. v. Werpin, Civ. No. 92-283, 1992 WL 512410, at *5 (N.D.N.Y. Dec. 23, 1992) (approving $300 rate for retired Judge Frederick Lacey).

[3] No party has challenged the authority of a United States Magistrate Judge to appoint a special master to address nondispositive matters and it appears such an appointment is within 28 U.S.C. § 636 and the local rules and supported by the caselaw. See, e.g., Magnus Electronics v. Masco Corp. of Ind., Civ. No. 85-494, 1986 WL 10061, at *4 (N.D. Ill. Sept. 5, 1986). In any event, the referral has occurred with the concurrence of the United States District Judge.