UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE CO., et al.,<br><br>Defendants. | Case No. 07-cv-6039 (SRC) (PS)<br><br>OPINION & ORDER |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiffs' appeal of Magistrate Judge Shwartz's July 15, 2010 Order denying a request to "reschedule" the deadlines to serve merits expert reports (hereinafter, the "July 15 Order") [docket entry 473].  The Court granted Plaintiffs' request to adjudicate this motion on an expedited basis, in light of the deadline for serving the reports, and on July 27, 2010 entered an Order to Show Cause why the July 15 Order should not be vacated.  Defendant CIGNA has filed its response, arguing that the Court should affirm Judge Shwartz's July 15 Order.  Defendants Ingenix, Inc. and United Health Group, Inc. filed a separate response, which set forth their position that they oppose any extension of deadlines relating to merits expert reports or other merits expert discovery unless the deadlines are similarly extended

1

in another "UCR" case before the Honorable Faith S. Hochberg.[1]

In the July 15 Order, Judge Shwartz denied a request made by Plaintiffs to hold in abeyance the obligation to disclose merits expert reports until such time as the Court rules on pending motions to dismiss, motions for class certification and Daubert motions. Plaintiffs sought to be relieved of the July 23, 2010 deadline for disclosure of their reports. They argued that the content of the reports would be affected by the resolution of the pending motions and that it would be costly, burdensome and unfair to have to prepare reports without even knowing what claims would survive the Rule 12(b)(6) motions much less which claims would be certified for class treatment. Judge Shwartz found that Plaintiffs had not demonstrated any unfairness in abiding by the set schedule, which this Court notes had been in place since the Court's June 17, 2009 Case Management Order, particularly in light of the consistent case management approach that all pretrial proceedings will move forward regardless of pending motions. She further found that holding the merits expert report obligation in abeyance indefinitely would frustrate the speedy resolution of the case, in contravention of Federal Rule of Civil Procedure 1.

Given the nature of the July 15 Order, the Court reviews it under the deferential "abuse of discretion" standard. The July 15 Order dealt with a non-dispositive issue and, moreover, one fully within Judge Shwartz's discretion to decide. A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205 (D.N.J. 1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

---

[1] In re Aetna UCR Litigation, MDL No. 2020, Master File No. 2:07-cv-3541.

that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co. Of Wis., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. Gypsum Co., 333 U.S. 364, 395 (1948)). Where, as here, the non-dispositive issue decided by the magistrate judge fell within her discretion, the decision should only be reversed for an abuse of that discretion. Thomas v. Ford Motor Co., 137 F.Supp.2d 575, 579 (D.N.J. 2001). In this case, Plaintiffs, as the appellants, bear the burden of demonstrating that the July 15 Order was incorrectly decided. Cardona v. General Motors Corp., 942 F. Supp. 968, 971 (D.N.J. 1996).

This Court holds that the July 15 Order should be affirmed. Plaintiffs have not demonstrated that Judge Shwartz's decision not to hold in abeyance the parties' obligations to serve merits expert reports until the resolution of various motions was clearly erroneous or contrary to law, much less an abuse of her discretion. Indeed, had this Court been faced in the first instance with the request to alter the schedule, it would have made precisely the same decision. The July 15 Order reflects yet another example of Judge Shwartz's effective and intelligent management of this case.

Accordingly,

**IT IS** on this 5th day of August, 2010,

**ORDERED** that the July 15, 2010 Order of Magistrate Judge Shwartz denying the request to "reschedule" the deadlines to serve expert reports be and hereby is **AFFIRMED**.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge