UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 07-6039(SRC) |
| : | |
| CONNECTICUT GENERAL LIFE, ET AL., : | |
| : | |
| Defendants. : | |

**ORDER ON INFORMAL APPLICATION**

This mater having come before the Court by way of submission dated October 1, 2010, regarding the extension of the fact discovery deadline until October 7, 2010 for the purpose of deposing Stephani Higashi and Mar Vista Institute of Health;

and the Court having delivered an Opinion on the record on September 20, 2010 setting forth the reasons why the parties were given until October 7, 2010 to conduct these two depositions;

and an the parties having previously notified the Court that "the Parties now are in agreement that the deposition of both Dr. Higashi and Mar Vista should go forward," D.E. No. 533, Joint Submission dated September 9, 2010 at 4;

and thus the parties having jointly represented that they agreed to proceed with two depositions;

and this representation being understood to embody an agreement of the parties and the nonparties, who are represented by plaintiffs' counsel, to conduct, pursuant to Fed. R. Civ. P. 45, a Rule 30(b)(1) deposition of Dr. Higashi and a Rule 30(b)(6) deposition of Mar Vista, as Rule

30(b)(6) would be the only mechanism by which the parties seeking discovery could obtain deposition testimony from the corporation;

and the fact that Dr. Higashi may have to appear as both the Rule 30(b)(1) witness and the Rule 30(b)(6) witness not being a basis to avoid a deposition as the witness would be testifying in two different capacities;

and the September 20, 2010 Order granting permission to conduct these two agreed-uipon depositions and nothing therein permitting the nonparty to resist producing a corporate representative as they had apparently agreed to do;

and the Court having already found that the deadline to raise disputes concerning the depositions having already passed;

and the Court further determining that conducting the deposition in accordance with the prior rulings concerning scope of nonparty depositions permitted in this and the coordinated MDL case will enable the parties to conduct the deposition within established parameters;[1]

and nothing in the September 20, 2010 Opinion and Order granting leave to serve any other discovery, including subpoenas;

and for the reasons set forth herein and in the Opinion delivered on the record on September 20, 2010;

IT IS on this 4th day of October, 2010

ORDERED that all terms of the Order dated September 20, 2010 shall remain in full force and effect, including the term that granted the request to extend the fact discovery deadline

---

[1] The Court acknowledges that the deponents are outside the subpoena power of this Court, but these depositions are occurring as part of an agreement between the deponents and the parties in this case and therefore, the Court is not interfering with the enforcement of a subpoena in another District. Rather, the Court is providing the ground rules for these agreed-upon depositions.

until October 7, 2010 for the purpose of allowing the parties to conduct two separate depositions, pursuant to Fed. R. Civ. P. 30 and 45, of Drs. Higashi and Mar Vista Institute of Health.  The boundaries of the Rule 30(b)(6) deposition shall be consistent with the prior rulings on the scope of nonparty depositions permitted in this and the coordinated MDL case.

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**