UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE CO., et al.,<br><br>Defendants. | : *Document Electronically Filed*<br>:<br>:<br>: **Case No. 07-cv-6039 (SRC) (PS)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**STIPULATION AND ORDER**
**UNDER FEDERAL RULE OF EVIDENCE 502(d)**

**WHEREAS**, pursuant to Federal Rule of Civil Procedure 53, on September 29th, 2010, the Court appointed a Special Master to consider challenges to claims of privilege that have been asserted by Defendants over certain of Association Plaintiffs' documents in the matter of *Franco v. Connecticut General Life Ins. Co., et al.*, No. 07-cv-6039, including all actions listed in Attachment 1 to Case Management Order No. 1 [D.E.210] and those subsequently consolidated into *Franco* (this "Litigation") [D.E. 541];

**WHEREAS**, Association Plaintiffs have agreed to produce some of these challenged documents in whole, subject to the entry of this Order, in an effort to resolve as many of these challenges as are practicable; and

**WHEREAS**, Defendants have agreed to the entry of this Order,

**IT IS** on this _____ day of _____, 2010

**ORDERED** as follows:

1. <u>Non-Waiver</u>. Association Plaintiffs' production of documents shall not constitute a waiver in this or any other litigation or matter of any privilege (including without limitation the attorney-client privilege and the attorney work product privilege) in (a) those documents; (b) any communications or documents relating to the subject-matter of those documents; or (c) any communications or documents relating to the individuals or entities who sent, received, or are named in those documents. This Order is an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced by Association Plaintiffs is not waived as a result of disclosure of those documents in connection with this Litigation, and this Order governs all persons or entities in all state or federal proceedings, whether or not they were

parties to this Litigation. Without limiting the foregoing, this Order shall not affect Association Plaintiffs' legal right to assert privilege claims over documents in any other proceeding, and this Order shall not be used in any other proceeding to argue that Association Plaintiffs' production of documents in this Litigation constituted a waiver of any privilege.

2. <u>Designation and Use</u>. All documents produced by Association Plaintiffs shall be subject to the Discovery Confidentiality Order, Electronic Discovery Protocol, and Case Management Order No. 1 entered in this Litigation. Defendants may not use any documents produced by Association Plaintiffs in any proceeding other than this Litigation.

**STIPULATED AND AGREED TO BY:**

Dated: October __, 2010

_____
D. Brian Hufford
Robert J. Axelrod
Susan Weiswasser
POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY 10017
Tel: (212) 661-1100
Fax: (212) 661-1373

*Attorneys for Provider/Association Plaintiffs*

Dated: October __, 2010

William H. Pratt
Joshua B. Simon
Andrew R. Dunlap
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for Defendants*

_____
Brian J. McMahon
William P. Deni, Jr.
GIBBONS, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Defendants*

**SO ORDERED:** October __, 2010

_____
The Honorable Patty Shwartz
United States Magistrate Judge

2