UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, | : <br> : <br> : <br> :    **Case No. 07-cv-6039 (SRC) (PS)** |
| Plaintiffs, | : |
| | :    **ORDER** |
| v. | : |
| | : |
| CONNECTICUT GENERAL LIFE INSURANCE CO., et al., | : |
| | : |
| Defendants. | : |

**CHESLER**, District Judge

     This matter having come before the Court on four separately filed motions to dismiss: (1) Defendant CIGNA's motion to dismiss the Consolidated Amended Class Action Complaint ("CAC") [docket entry 250]; (2) CIGNA's supplemental motion to dismiss the Amended Complaint filed by North Peninsula Surgical Center, L.P. (hereinafter, the "North Peninsula Complaint") [docket entry 384]; (3) CIGNA's supplemental motion to dismiss the Complaint filed by Camilo Nelson, Sr., Shahidah Nelson and Camilo Nelson, Jr. (hereinafter, the "Nelson Complaint") [docket entry 423]; and (4) the motion filed by Defendants UnitedHealth Group, Inc. ("UnitedHealth") and Ingenix, Inc. ("Ingenix") to dismiss the Nelson Complaint [docket entry 424]; and opposition having been filed as to all of the foregoing motions; and the Court having considered the papers filed by the parties in connection with these motions; and the Court having opted to rule on the papers and without oral argument, pursuant to Federal Rule of Civil

Procedure 78; and for the reasons expressed in the Opinion filed herewith; and good cause shown,

**IT IS** on this 23rd day of September, 2011,

**ORDERED** that Defendant CIGNA's motion to dismiss the CAC [docket entry 250] be and hereby is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that CIGNA's supplemental motion to dismiss the North Peninsula Complaint [docket entry 384] be and hereby is **GRANTED**; and it is further

**ORDERED** that CIGNA's supplemental motion to dismiss the Nelson Complaint [docket entry 423] be and hereby is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that the motion filed by Defendants UnitedHealth and Ingenix to dismiss the Nelson Complaint [docket entry 424] be and hereby is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that all claims asserted in the CAC by the Provider Plaintiffs, as defined in the accompanying Opinion, are **DISMISSED**; and it is further

**ORDERED** that all claims asserted in the CAC by the Association Plaintiffs, as defined in the accompanying Opinion, are **DISMISSED**; and it is further

**ORDERED** that the motion to dismiss Plaintiff Franco's RICO claims as moot is denied; and it is further

**ORDERED** that the motion to dismiss the claims of the Subscriber Plaintiffs, as defined in the accompanying Opinion, for declaratory relief under ERISA is denied; and it is further

**ORDERED** that the motion to dismiss the Nelson Plaintiffs' claims for lack of Article III

standing is denied; and it is further

**ORDERED** that the motion to dismiss the claims for relief pursuant to ERISA § 502(a)(1) asserted by the Subscriber Plaintiffs in the CAC and the Nelson Plaintiffs in the Nelson Complaint is denied; and it is further

**ORDERED** that the claims for relief pursuant to ERISA § 502(a)(3) and/or ERISA § 502(c) asserted by the Subscriber Plaintiffs in the CAC and the Nelson Plaintiffs in the Nelson Complaint are **DISMISSED** insofar as those claims are predicated upon CIGNA's alleged failure to disclose certain information; and it is further

**ORDERED** that the motion to dismiss the Subscriber Plaintiffs' claim under RICO, 18 U.S.C. § 1962(c), predicated on mail and wire fraud is denied; and it is further

**ORDERED** that the motion to dismiss Subscriber Plaintiffs' claim of conspiracy to commit a RICO violation, 18 U.S.C. § 1962(d), is denied; and it is further

**ORDERED** that Subscriber Plaintiffs' claim under RICO, 18 U.S.C. § 1962(c), predicated on embezzlement is **DISMISSED**; and it is further

**ORDERED** that the Nelson Plaintiffs' RICO claims, 18 U.S.C. §§ 1962(c) & (d), are **DISMISSED**; and it is further

**ORDERED** that the antitrust claim pursuant to Sherman Act Section 1, 15 U.S.C. § 1, asserted by the Subscriber Plaintiffs in the CAC and the Nelson Plaintiffs in the Nelson Complaint is **DISMISSED**; and it is further

**ORDERED** that Plaintiff Chazen's claim to enforce his rights and recover benefits pursuant to New Jersey's statute and regulation concerning Small Employer Health Plans is **DISMISSED**; and it is further

**ORDERED** that the Nelson Plaintiffs' state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of California's Uniform Deceptive Trade Practices Act and violation of California's Cartwright Act are **DISMISSED**; and it is further

**ORDERED** that the motion to dismiss the Nelson Plaintiffs' common law conspiracy claim is denied; and it is further

**ORDERED** that the North Peninsula Complaint is **DISMISSED** in its entirety.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge