UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 07-cv-6039 (SRC) (PS) |
| v. | OPINION |
| CONNECTICUT GENERAL LIFE INSURANCE CO., et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on two motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), filed separately by the UnitedHealth Group, Incorporated and Ingenix, Inc. (hereinafter, the "United Defendants") [docket entry 652] and by the CIGNA Defendants ("CIGNA") [docket entry 653]. Both motions seek to dismiss the civil conspiracy claim asserted in the Nelson Complaint. This claim survived the Rule 12(b)(6) challenge brought by Defendants, but as the Court expressed in its September 23, 2011 Opinion pertaining to the earlier motions to dismiss, the Court could not consider arguments that had been made by Defendants as to other common law and statutory claims in the Nelson Complaint (in particular, ERISA preemption) but not as to the civil conspiracy claim.

The Court writes only for the parties and will not repeat the extensive background concerning the nature of the dispute it provided in its September 23, 2011 Opinion. The Court

1

refers the reader to that Opinion for a summary of the facts, the identity of the parties and the meaning of various abbreviations the Court adopted and will continue to use in this Opinion. The Court limits the scope of this Opinion to an evaluation of the civil conspiracy claim on the grounds now raised by the United Defendants and by CIGNA to challenge its sufficiency.

The Nelson Plaintiffs have opposed the motions. For the reasons expressed below, the Court will grant the motions for judgment on the pleadings.

### DISCUSSION

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings "after the pleadings are closed – but early enough not to delay trial." Fed.R.Civ.P. 12(c). Though procedurally it applies later in a case than a Rule 12(b) motion, which may be filed in lieu of a responsive pleading, a motion brought under Rule 12(c) for failure to state a claim upon which relief may be granted is governed by the same standard applicable to Rule 12(b)(6) motions. Turbe v. Gov't of the V.I., 938 F.2d 427, 428 (3d Cir. 1991).

The issue before the Court on a motion challenging the sufficiency of a complaint under Rule 12(b)(6), and thus the issue pertinent to a Rule 12(c) motion, "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). To make that determination, the Court must employ the standard of review articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. A complaint will survive a motion under Rule 12(b)(6) only if it states

"sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). The pleading standard imposed by Federal Rule of Civil Procedure 8(a) will be met if the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.) While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557. The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). This showing must be made by the facts alleged. Id. As in a Rule 12(b)(6) motion, the Court is limited in its review under Rule 12(c) to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

## II.   CIGNA's Motion

CIGNA argues that the civil conspiracy claim is preempted by ERISA § 514(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). ERISA preemption of state law causes of action is well-established. See Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004). The Supreme Court has held that "any state-law cause of action that duplicates, supplements, or

3

supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Id.  Suits brought by participants or beneficiaries of ERISA plans concerning matters that "relate to" those plans are governed by the cause of action provided by ERISA § 502(a). Id. at 208-09.

The Nelson Plaintiffs base their civil conspiracy claim against CIGNA on the allegation that it conspired with the United Defendants, and others, to defraud subscribers as to their ONET benefits by manipulating the UCR data on which the ONET benefit payment was calculated. Though couched in the language of fraud, the wrongdoing at the heart of the claim against CIGNA is that it took steps designed to pay its subscribers ONET benefits in an amount below what CIGNA should have paid according to the terms of their ERISA plan.  The Nelson Complaint alleges, in relevant part, that

> CIGNA conspired and agreed with Ingenix to defraud CIGNA subscribers by underpaying [ONET] charge[s] based on artificially depressed UCRs.
>
> * * *
>
> Defendants discussed and agreed among themselves and their Conspirators that they would work together to cause CIGNA to breach its obligations to provide coverage and/or reimbursement for [ONET] charges . . .

(Nelson Compl. ¶¶ 297, 298(c).)

There is no question that the Nelson Plaintiffs' civil conspiracy claim "relates to" their employer-sponsored CIGNA plan. The term "relate to," in the context of ERISA's preemption provision, means that the claim "has a connection with or reference to" an ERISA plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). For example, the Supreme Court has preempted a plaintiff's common law causes of action where they were based on the improper processing of a

4

claim for benefits under an employee benefit plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987).  The Nelson Plaintiffs argue that the civil conspiracy claim merely "involves" an ERISA plan and has too attenuated a connection to the plan to warrant preemption under the "relate to" standard of the statute.  See Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge Sec., Inc., 93 F.3d 1171, 1185 (3d Cir. 1996) (noting difference between claims that relate to ERISA plans, such as by affecting the administration of benefits, and those that merely involve ERISA plans but do not derive from or impact the plans).  According to the Nelson Plaintiffs themselves, however, the fraud at the heart of the alleged conspiracy lies in the improper reduction of ONET reimbursements through use of a flawed database.  The logical extension of this theory of liability is that the proper ONET reimbursement would be one which complied with the ERISA plan terms.  The connection between the governing ERISA plan and the claim that CIGNA conspired with others to defraud its subscribers regarding benefits owed thereunder is clear.

At bottom, the Nelson Plaintiffs are complaining about the denial of benefits to which they believe they are entitled under their CIGNA plan.  Their civil conspiracy claim duplicates the remedy available to the Nelson Plaintiffs against CIGNA under ERISA § 502(a).  If the Nelson Plaintiffs can demonstrate that CIGNA improperly reduced the ONET benefit it paid them, this provision entitles Plaintiffs to recover unpaid benefits under their CIGNA plan.  Casting the alleged wrongdoing as a civil conspiracy does not change the core of the claim, which revolves around Plaintiffs' contention that CIGNA underpaid plan benefits for ONET services.

The Nelson Plaintiffs' civil conspiracy claim against CIGNA, the Court holds, relates to their ERISA plan with CIGNA and is therefore preempted by ERISA under § 514(a). CIGNA's motion for judgment on the pleadings will accordingly be granted.

### III. United Defendants' Motion

The United Defendants also raise the preemption argument. Though the civil conspiracy claim against the United Defendants rests on exactly the same factual allegations as the claim against CIGNA, the Nelson Plaintiffs maintain that ERISA preemption under § 514(a) is unavailing as to the United Defendants because neither of these entities – UnitedHealth Group or Ingenix – is a fiduciary under the ERISA plan and thus the allegations that they engaged in a conspiracy to defraud the Nelson Plaintiffs "extend substantially beyond the simple ERISA relationship between plan beneficiary and plan fiduciary." (Nelson Pls.' Opp'n to United Defs.' Motion at 11.) As against these non-fiduciary Defendants, the Nelson Plaintiffs argue, the claim does not seek enforcement of any right under their ERISA plan with CIGNA but rather challenges an industry-wide fraudulent conspiracy. Thus, they argue, the civil conspiracy claim cannot be considered to "relate to" their ERISA plan or to duplicate their claim to recover unpaid benefits from CIGNA under § 502(a).

The Nelson Plaintiffs' argument that the United Defendants' status as non-fiduciaries with respect to their ERISA plan is essentially dispositive of the preemption inquiry finds no support in either the law of the Third Circuit or the facts alleged in their Complaint. While the Third Circuit observed, in a non-precedential opinion, that a defendant's fiduciary status under ERISA can be a relevant factor in the preemption analysis, it further noted that taking it into

consideration is not required if it does not bear on the well-settled § 514(a) preemption inquiry, which depends on whether a "state law claim implicates the plan's 'funding, benefits, reporting or administration.'" Faulman v. Sec. Mut. Fin. Life Ins. Co., 353 F. App'x 699, 702 (3d Cir. 2009) (quoting Kollman v. Hewitt Assocs. LLC, 487 F.3d 139, 148 (3d Cir. 2007)).  The Court of Appeals has in fact rejected an ERISA preemption analysis which focuses on the identity of the defendant. Kollman, 487 F.3d at 147-48.  In Kollman, the Third Circuit regarded as unpersuasive an argument made by the plaintiff that his claim of professional malpractice against one defendant, a company to which an ERISA plan's administrative tasks had been outsourced, should not be preempted because that defendant was not a plan fiduciary. Id. at 147-48.  The court emphasized that the preemption question must be guided by the "relate to" standard of ERISA § 514(a) and by the legislative purpose of that provision, i.e., to "eliminate the threat of conflicting or inconsistent State and local regulation of employee benefit plans." Id. at 149 (quoting 120 Cong. Rec. 29928, 29933 (1974)).  Applying this analysis to the common law tort claim at issue in Kollman, the Third Circuit concluded that the claim was preempted because "the claim . . . goes to the essence of the function of an ERISA plan - the calculation and payment of benefit due to a plan participant." Id. at 150.  It held that the district court had correctly reasoned that to determine whether the nonfiduciary's conduct in calculating the plaintiff's retirement benefits constituted malpractice, the court would necessarily need to consult the plan and further held that such consideration of an ERISA plan outside of the ERISA enforcement framework would upset the congressional intent to create uniform regulation of plan

benefits. Id.  The Kollman court therefore affirmed dismissal of the professional malpractice claim against the nonfiduciary defendant as preempted by ERISA § 514(a).

This case poses a similar scenario to the one presented in Kollman.  The Nelson Plaintiffs have brought a common law tort claim against two parties which are indisputably not fiduciaries under their ERISA plan.  The conspiracy to defraud claim does not challenge a benefits determination made by either of the United Defendants but rather takes issue with their role in the alleged scheme to manipulate data on which ONET benefits were determined and with the allegedly deliberate concealment of their creation and use of flawed data.  (See Nelson Compl. ¶¶ 297-298.)  The factual underpinnings of that claim, however, require the Court to consider the Nelson Plaintiffs' right to benefits under their ERISA plan.  The essence of the alleged conspiracy to defraud is that the activity of the United Defendants, among others, was designed to depress UCR schedules, which thus could not fulfill the CIGNA plan obligation to subscribers to pay their ONET claims based on accurate UCR data.  The question of liability on the civil conspiracy claim would necessarily require consideration of what the ERISA plan represented would be paid in ONET reimbursements. Again, in the Nelson Complaint's own words, the alleged scheme was intended to cause CIGNA to underpay ONET benefits, an obligation created and defined by the ERISA plan itself.  The connection between the conspiracy to defraud claim and the ERISA plan is hardly tenuous or peripheral, as the Nelson Plaintiffs have urged this Court to find.  See, e.g., Shaw, 463 U.S. at 100 n.21 (observing, in dicta, that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan.").

Though, of course, no ERISA claim could be brought against the United Defendants by the Nelson Plaintiffs, the Nelson Plaintiffs have cited no authority which holds that a lack of remedy against a non-fiduciary Defendant factors into the preemption inquiry under § 514(a). Other circuits which have considered this question have held to the contrary. See Consol. Beef Indus., Inc. v. New York Life Ins. Co., 949 F.2d 960, 964 (8th Cir. 1991); Gibson v. Prudential Ins. Co. of Am., 915 F.2d 414, 417-18 (9th Cir. 1990); Howard v. Parisian, Inc., 807 F.2d 1560, 1565 (11th Cir. 1987).  Despite its targeting of the behavior of parties extraneous to the ERISA plan, the common law conspiracy to defraud claim stems from and necessarily refers to the Nelson Plaintiffs' entitlement to ONET benefits under their plan. Pursuant to Shaw and its progeny, the claim thus relates to the plan within the meaning of § 514(a) and is subject to the provision's broad preemptive reach.

The Court will therefore also dismiss the Nelson Plaintiffs' civil conspiracy claim against the United Defendants.

## CONCLUSION

For the foregoing reasons, the Court will grant both the United Defendants' and CIGNA's motions for judgment on the pleadings as to the Nelson Complaint's civil conspiracy claim. The claim will be dismissed pursuant to Federal Rule of Civil Procedure 12(c). An appropriate form of Order will be filed.

   s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: January 24, 2012