UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO, *et al.*,<br><br>                Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE CO., *et al.*,<br><br>                Defendants. | Civil Action No.07-6039(SRC)(PS) |

-------------------------------------------------------------------------------------------------------------

**NELSON PLAINTIFFS' MEMORANDUM OF LAW CONCERNING
THE ISSUE OF THE COURT'S POTENTIAL RECUSAL**

-------------------------------------------------------------------------------------------------------------

James E. Cecchi
Lindsey H. Taylor
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068

Settlement Class Counsel

## PRELIMINARY STATEMENT

In accordance with the Court's directive at the January 23, 2013 status conference in this litigation, Plaintiffs Camilo Nelson, Sr., Shahidah Nelson and Camilo Nelson, Jr., respectfully submit this memorandum of law to address the issue of the Court's potential recusal.

## ARGUMENT

### THE COURT SHOULD CONSIDER WHETHER THE APPLICABLE FACTORS WARRANT ITS RECUSAL

The Judiciary Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). In conducting a section 455(a) analysis, the appearance of impropriety must be viewed from the perspective of the objective, reasonable person. *In re Prudential Co. of America Sales Practices Litig.*, 148 F.3d 283, 343 (3d Cir. 1998); *In re Linerboard Antitrust Litig.*, 2008 WL 2758167, at *6 (E.D. Pa. July 14, 2008).

Under section 455(a), if a judge believes that his impartiality "might reasonably be questioned" in a proceeding, he is required to recuse. *See Liteky v. United States*, 510 U.S. 540, 554 (1994). For purposes of section 455(a) disqualification, it does not matter whether the district court judge actually harbors any bias because the statute concerns not only fairness to individual litigants but, rather, "the public's confidence in the judiciary, which may be irreparably harmed if a case is allowed to proceed before a judge who appears to be tainted." *In re School Asbestos Litigation*, 977 F.2d 764, 776 (3d Cir. 1992) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)). Moreover, section 455(a) applies retrospectively because the provision's disqualification standard does not depend on the judge's

knowledge of the disqualifying facts. *Liljeberg*, 486 U.S. at 861. In other words, the provision is violated although the judge may be unaware of the facts creating the appearance of impropriety. *Id.* at 859-61.

Here, unlike in the cognate *Aetna UCR* litigation (Civil Action No. 07-3541 (SRC)), where no substantive rulings were rendered, the Court has spent substantial time on this case and has made a substantive determination to deny class certification while holding an interest as a beneficiary of a CIGNA health plan. The interest at issue is the prospect of higher premiums or reduced coverage should CIGNA be subject to a large settlement or judgment against it. Thus, under section 455(a), if the Court believes that its impartiality reasonably may be questioned, it is required to recuse.

As a separate basis for recusal, 28 U.S.C. § 455(b)(4) states that a judge shall also disqualify himself in the following circumstances:

> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a ***financial interest in the subject matter*** in controversy or in a party to the proceeding, ***or any other interest that could be substantially affected by the outcome of the proceeding***.

*Id.* (emphasis added). Thus, the initial question is whether the interest held is a "financial interest" or an "other interest" for the purposes of section 455(b)(4).

A "financial interest" is defined in section 455(d)(4) as "ownership of a legal or equitable interest, however small," but does not include certain remote interests. 28 U.S.C. § 455(d)(4); *Plechner v. Widener Coll., Inc.*, 569 F.2d 1250, 1261 (3d Cir. 1977). An indirect interest, even financial, is treated as an "other interest" within the meaning of section 455(b)(4) and, unlike "financial interests," is disqualifying *only if* that interest "could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b) (4).

According to Advisory Opinion 26 of the Committee on the Code of Judicial Conduct:

> When an insurance company is a party, the judge ordinarily need not recuse unless the judge has a financial interest in the company. The judge has a financial interest in the company only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company. This could occur if, as a result of a judgment against the insurance company in the particular case, the judge's premiums could be significantly increased or coverage substantially reduced. Conceivably, a huge judgment against a medical insurer could make it impossible for the insurer to continue to operate at all, or at its prior level.

Advisory Opinion No. 26, *Disqualification Based on Holding Insurance Policy from Company That Is a Party*, Committee on Codes of Conduct, 2 GUIDE TO JUDICIARY POLICY 26-1 (2009). In cases where a judge holds health insurance by a party facing a class action, the judge is typically not disqualified. In *Christiansen v. National Savings and Trust Co.*, 683 F.2d 520, 526 (D.C. Cir. 1982), the D.C. Circuit held that the proprietary interest of judges who subscribed to a Blue Cross & Blue Shield plan was less than that of mutual insurance companies, enumerated in subsection (d)(4)(iii), because the judge policyholders did not enjoy collective and entire ownership of the company. 683 F.2d at 526. Therefore, "the interest of subscribing federal judges is too contingent and remote to warrant disqualification in the circumstances presented." *Id.*

Nonetheless, Advisory Opinion 26 explicitly states that recusal may be necessary when a judgment could substantially affect the value of the judge's interest in the insurance company. The decision of whether an interest is "substantially affected" depends on the size of the impact on the interest rather than the size of the interest. According to the Advisory Committee Opinion on Canon 3C(1)(c), which directly tracks the language of § 455(b)(4):

> In determining whether a financial interest could be substantially affected, the Committee looks to the application of Canon 3C(1)(c), which provides for disqualification if the judge holds "any other interest that could be affected substantially by the outcome of the litigation." The natural reading of Canon 3C(1)(c) and 3C(4) is that it is the interest itself that must be substantially affected. Ultimately, an individual judge must decide the potential effect on the interest. The key inquiry is not the size of the interest, but the size of the impact on the interest.

3

Advisory Opinion No. 69, *Removal of Disqualification by Disposal of Interest*, Committee on Codes of Conduct, 2 GUIDE TO JUDICIARY POLICY 69-2 (2009).

    CIGNA, in its most recent Form 10-K filing with the United States Securities and Exchange Commission acknowledged this action and stated that "[d]ue to numerous uncertain and unpredictable factors presented in these cases, it is not possible to estimate a range of loss at this time and, accordingly, no accrual has been recorded in the Company's financial statements. Thus, if CIGNA were exposed to a judgment, the size of a judgment could substantially impact this Court's interest, *i.e.*, substantial increase in premiums or reduction in services.

## CONCLUSION

If the Court believes that it has an ongoing interest, or that such interest would lead a reasonable person to question the Court's impartiality, the Court must recuse under section 455(a) or 455(b)(4). If the Court believes that it does not, it should continue supervising this litigation. The Nelson Plaintiffs stand ready to address these issues at the Court's convenience.

          CARELLA, BYRNE, CECCHI,
          OLSTEIN, BRODY & AGNELLO
          *Settlement Class Counsel*

          By: /s/ James E. Cecchi
               JAMES E. CECCHI

Dated: February 7, 2013

Christopher A. Seeger
Stephen A. Weiss
SEEGER WEISS LLP
77 Water Street
New York, NY 10005

Christopher Burke
Joseph P. Guglielmo
SCOTT+SCOTT, ATTORNEYS AT LAW LLP
The Chrysler Building
405 Lexington Ave., 40th Floor
New York, NY 10174
(212) 223-6444

Paul M. Weiss
Jeffrey A. Leon
Richard J. Burke
COMPLEX LITIGATION GROUP LLC
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
(847)433-4500

David M. Sternfield
LAW OFFICES OF DAVID M. STERNFIELD
640 N LaSalle Street, Suite 556
Chicago, Illinois 60610