**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARLERY FRANCO, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE CO., et al.,<br><br>Defendants. | : *Document Electronically Filed*<br>:<br>:<br>: **Case No. 07-cv-6039 (SRC) (PS)**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS FRANCO AND CHAZEN'S MOTION TO COMPEL [D.E. 726] AND FOR DISQUALIFICATION AND RECUSAL [D.E. 729]**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................i

**TABLE OF AUTHORITIES** ........................................................................................................ii

**INTRODUCTION** .........................................................................................................................1

**ARGUMENT**.................................................................................................................................2

I.      **THE COURT HAS THE AFFIRMATIVE DUTY NOT TO RECUSE ITSELF.** ...........................................................................................................................2

        A.      **The Facts Here Do Not Come Close To Meeting The Standard For Recusal.**...........................................................................................................3

        B.      **The Court Has No Financial Interest In This Case**...............................................6

II.     **THE MOVING PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED.**...................................................................................................................11

**CONCLUSION** ..........................................................................................................................14

**TABLE OF AUTHORITIES**

**Cases**

*Allen v. Parkland Sch Dist.*,
  230 F. App'x 189 (3d Cir. 2007)..................................................................................................12

*Chase Manhattan Bank v. Affiliated FM Ins. Co.*,
  343 F.3d 120 (2d Cir. 2003) .........................................................................................................6

*Christiansen v. Nat'l Sav. & Trust Co.*,
  683 F.2d 520 (D.C. Cir. 1982) .................................................................................................7, 8

*Cooney v. Booth,*
  262 Supp. 2d 494 (E.D. Pa. 2003), aff'd 108 Fed.Appx. 739 (3d Cir. 2004). ...........................11

*Corr v. Met. Wash. Airports Authority*,
  481 F. App'x 616 (Fed. Cir. 2012)...............................................................................................4

*Eckstein v. Kaiser Foundation Health Plan, Inc.*,
  Civ. No. 05-0880, 2007 WL 2433151 (Cal. Ct. App. Aug. 29, 2007) ........................................7

*Hartman v. State Farm Mutual Automobile Insurance Co.*,
  817 F. Supp. 1566 (S.D. Fla. 1993).............................................................................................8

*Hinman v. Rogers*,
  831 F.2d 937 (10th Cir. 1987).....................................................................................................3

*In re Cement Antitrust & Concrete Antitrust Litig.*,
  515 F. Supp. 1076 (D. Ariz. 1981)..............................................................................................6

*In re Certain Underwriter*,
  294 F.3d 297 (2d Cir. 2002) .......................................................................................................5

*In re Commercial Money Ctr., Inc., Equip. Lease Litig.*,
  Civ. No. 02-16000, 2010 WL 395613 (N.D. Ohio Jan. 25, 2010) ............................................11

*In re Initial Pub. Offering Sec. Litig.*,
  174 F. Supp. 2d 70 (S.D.N.Y. 2001) .........................................................................................11

*In re Linerboard Antitrust Litig.*,
  361 F. App'x 392 (3d Cir. 2010)..................................................................................................2

*In re Literary Works in Elec. Databases Copyright Litig.*,
  509 F.3d 136 (2d Cir. 2007) ...................................................................................................4, 5

*In re Maritimes & Ne. Pipeline, L.L.C.*,
  349 F. Supp. 2d 175 (D. Mass. 2004) .........................................................................................6

*In re Martinez-Catala*,
   129 F.3d 213 (1st Cir. 1997) ..................................................................................................11

*In re Mason*,
   916 F.2d 384 (7th Cir. 1990) ....................................................................................................2

*In re Placid Oil Co.*,
   802 F.2d 783 (5th Cir. 1986) ..................................................................................................10

*Killingsworth v. State Farm Mut. Auto. Ins. Co.*,
   254 F. App'x 634 (9th Cir. 2007) .............................................................................................9

*Kostanick v. Rocky Mountain Hosp. & Med. Serv.*,
   Civ. No. 94-214, 1994 WL 750604 (D. Colo. May 11, 1994) .................................................6

*Lakeland Anesthesia, Inc. v. La. Health Serv. & Indem. Co.*,
   Civ. No. 00-1151, 2000 WL 1134365 (E.D. La. Aug. 9, 2000) ...............................................7

*Liljeberg v. Health Servs. Acquisition Corp.*,
   486 U.S. 847 (1988) .................................................................................................................6

*Locascio v. Balicki*,
   Civ. No. 07-4834, 2010 WL 5418906 (D.N.J. Dec. 23, 2010) ...............................................12

*Loef v. First Am. Title Ins. Co.*,
   Civ. No. 08-311, 2012 WL 2913546 (D. Me. July 16, 2012) ..................................................5

*MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*,
   205 F. Supp. 2d 158 (S.D.N.Y. 2002) ......................................................................................4

*N.Y.C. Dev. Corp. v. Hart*,
   796 F.2d 976 (7th Cir. 1986) ..................................................................................................10

*Robinson v. State Farm Fire & Cas. Co.*,
   13 F.3d 160 (5th Cir. 1994) ......................................................................................................9

*Selkridge v. United of Omaha Life Ins. Co.*,
   360 F.3d 155 (3d Cir. 2004) .....................................................................................................6

*Silvin v. Geico*,
   Civ. No. 11-24128, 2012 WL 1535705 (S.D. Fla. Apr. 30, 2012) ...........................................8

*Stern v. Gambello*,
   678 F.3d 797 (9th Cir. 2012) ....................................................................................................4

*Suever v. Connell*,
   681 F.3d 1064 (9th Cir. 2012) ..................................................................................................4

*Tramonte v. Chrysler Corp.*,
 136 F.3d 1025 (5th Cir. 1998) ...................................................................................................6

*Union Carbide Corp. v. U.S. Cutting Serv.*,
 782 F.2d 710 (7th Cir. 1986) ..........................................................................................4, 5, 10

*United States v. Greenough*,
 782 F.2d 1556 (11th Cir. 1986) .................................................................................................3

*United States v. Wilensky*,
 757 F.2d 594 (3d Cir. 1985) .....................................................................................................2

**Statutes**

28 U.S.C. § 455(a) .....................................................................................................................2, 6

28 U.S.C. § 455(b)(4) .....................................................................................................................2

28 U.S.C. § 455(f) ........................................................................................................... 1, 4, 5, 6

**Rules**

Local Rule 37.1(a)(1) ....................................................................................................................12

Local Rule 37.1(b) ........................................................................................................................12

**Other Authorities**

Advisory Op. No. 26,
 Committee on Codes of Conduct, 2009 Guide to Judiciary Policy, Vol. 2B .............................7

# INTRODUCTION

This is a response to two motions that should not have been filed.

Even a cursory review of the recusal motion of plaintiffs Franco and Chazen (the "Moving Plaintiffs") reveals that their motivation is not a concern with the Court's ability to continue to oversee this case but rather their desire to vacate the Court's well-reasoned decision on class certification. In fact, the motion fails to identify any basis for this Court to exercise its discretion and recuse itself. The Moving Plaintiffs overlook the simple truth that the Court could not be a class member because it never submitted a claim to Cigna, let alone one adjudicated using the Ingenix databases. Even if such a claim existed, the Moving Plaintiffs cannot escape the facts that membership in a putative class does not automatically require recusal and that a governing statute, 28 U.S.C. § 455(f), explicitly authorizes the Court's continued involvement here. Section 455(f) provides that judges who have devoted "substantial judicial time" to a case may avoid recusal by divesting themselves of any interest in the outcome of the litigation—the precise path followed by the Court here.

The Moving Plaintiffs' attempts to avoid the straightforward application of this statute—arguing that the Court's three-and-one-half years of active work on this case does not constitute "substantial judicial time"—find no support in law or logic and exemplify the baseless nature of their position. Similarly, their assertion that the Court's coverage under a Cigna-administered plan somehow represents a financial interest in Cigna is belied by the extensive precedent holding that a judge's participation in a party's health benefits plan does not warrant recusal. If the Moving Plaintiffs' position were the law, vast numbers of judges would be disqualified from hearing any cases involving the major health insurers—which is simply not the case.

Given the Court's disclosure and divestiture, governing legal principles make clear that there is no basis for recusal here. Accordingly, the Moving Plaintiffs' motion for discovery

purportedly related to recusal issues should also be denied.  In addition to being unnecessary to the resolution of the recusal issue, much of the discovery sought represents an unjustified fishing expedition into groundless theories that Cigna's counsel knew of the Court's membership in health plans administered by Cigna and Aetna—of which Cigna's counsel had no knowledge until the Court's announcement—and into privileged areas such as the potential impact of this litigation on Cigna's financial condition.  The Moving Plaintiffs' motions for recusal and for related discovery both should be denied.

## ARGUMENT

### I. THE COURT HAS THE AFFIRMATIVE DUTY NOT TO RECUSE ITSELF.

Disqualification is a matter that "lies within the sound discretion of the trial judge." *United States v. Wilensky*, 757 F.2d 594, 599-600 (3d Cir. 1985).  Under 28 U.S.C. § 455(a), a judge must recuse himself "[i]f a reasonable observer aware of all the circumstances would harbor doubts about the judge's impartiality."  *In re Linerboard Antitrust Litig.*, 361 F. App'x 392, 399-400 (3d Cir. 2010) (internal quotations omitted).  The standard is a reasonable person, "rather than . . . a hypersensitive or unduly suspicious person."  *In re Mason,* 916 F.2d 384, 386 (7th Cir. 1990) ("A reasonable observer is unconcerned about trivial risks . . . .  Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons.").  Under 28 U.S.C. § 455(b)(4), a judge must recuse himself if "[h]e knows that he, . . . or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

In applying these provisions, "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986).

### A.    The Facts Here Do Not Come Close To Meeting The Standard For Recusal.

The Moving Plaintiffs' argument that the Court must recuse itself because it is "a member of the putative class of CIGNA policyholders" is entirely meritless. (Mem. in Supp. of Mot. to Recuse [D.E. 729] ("Recusal Br.") at 3.) First, that argument is unsupported by the facts. The Court has been covered under a Cigna-administered plan for secondary insurance (*i.e.*, backup insurance to his primary coverage) only since January 1, 2013, and during this period has not submitted any claims to Cigna, let alone a claim for out-of-network benefits. (*See* Decl. of William P. Deni, Jr. Ex. ("Ex.") 1 at 5:13-6:6.) As a result, this Court was never a member of the putative class, which even in its broadest terms only purported to cover those beneficiaries who submitted an out-of-network claim to Cigna for reimbursement. Moreover, plaintiffs' claims focus on Cigna's use of the Ingenix databases as a basis for reimbursement determinations—use which ceased in 2011, well before the Court became a member of a Cigna-administered plan. (*See id*. at 8:24-9:2; Pls.' Mem. in Supp. of Mot. for Class Cert. [D.E. 663] at 1-2 ("The parties agree that the Subscriber Plaintiffs' ERISA claims involve, in the final analysis, just a single common issue: whether CIGNA's UCR determinations using Ingenix data breached CIGNA's definition of UCR in the standard contract between CIGNA and Subscriber Plaintiffs and Class members."); Ex. 2 at 1 (indicating that Cigna will end its relationship with Ingenix).) Given that chronology, the Court could never be a member of any Ingenix-based class.

Second, even if the Court were a member of the putative class, the governing legal principles make clear that neither recusal nor disqualification is warranted here. Judges need not automatically recuse themselves merely because they are members of a putative class. *See*, *e.g.*, *Corr v. Met. Wash. Airports Authority*, 481 F. App'x 616, 617 (Fed. Cir. 2012) ("[W]e believe recusal in this case would be inappropriate, especially given that the class is not yet certified and that it seems likely that many judges on this court would qualify as putative members of this potentially large class."); *Suever v. Connell*, 681 F.3d 1064, 1065 (9th Cir. 2012) ("I believe recusal in this case would be inappropriate, especially given that the class is not yet certified."); *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 205 F. Supp. 2d 158, 161 (S.D.N.Y. 2002) (finding court must recuse itself only after certifying a class of which it would be a member, not before).

Moreover, even if the Court had a potential personal stake in this case—and it does not—the Court is statutorily authorized to continue presiding over the case. Specifically, 28 U.S.C. § 455(f) allows judges who have devoted "substantial judicial time" to a case to avoid recusal by divesting themselves of any interest in the outcome of the litigation. *See*, *e.g.*, *Stern v. Gambello*, 678 F.3d 797, 798 (9th Cir. 2012) (where court renounced any financial interest in case's outcome after "considerable pre-argument preparation," "decision not to recuse is authorized by [28 U.S.C.] § 455(f), strikes the appropriate balance between securing the interests of impartiality and its appearance and reducing the practical costs that unnecessary recusal entails, and does not diminish public respect for the judiciary"); *In re Literary Works in Elec. Databases Copyright Litig.*, 509 F.3d 136, 144 (2d Cir. 2007) (noting that "possession of a small financial interest" does not "require[] recusal provided the judge divests himself of the interest"); *Union Carbide Corp. v. U.S. Cutting Serv.*, 782 F.2d 710, 714 (7th Cir. 1986) (concluding

recusal is not appropriate when the court and parties invest substantial time in litigation, the judge has no knowledge that she holds a financial interest that might cause the appearance of a conflict, and the judge divests herself of that interest upon learning of the conflict).

Section 455(f) applies and has been satisfied here. The Moving Plaintiffs' argument (Recusal Br. at 13-14) that Your Honor has not devoted "substantial judicial time" to this case is belied by the facts. This case was assigned to Your Honor in May 2009, and Your Honor has since issued three opinions, held six status conferences, filed 33 orders, and overseen more than 530 docket entries. *See*, *e.g., In re Certain Underwriter*, 294 F.3d 297, 304 (2d Cir. 2002) (where judge had "not made any substantive decisions," relying on judge's significant "[o]rganizational work" over the course of several months in finding that she spent substantial time on the case). Similarly, given that Your Honor immediately divested of any interest in the class upon learning of this issue—and did so a mere 23 days after coverage commenced under the Cigna-administered plan (*see* Ex. 1 at 6:7-13)—there can be no question that Your Honor acted promptly. *See, e.g., In re Literary Works*, 509 F.3d at 138 (judges timely and effectively renounced interests in class action where they had been assigned to case for over two months, but renounced potential interest in class recovery within one day of realizing they were potential class members); *Union Carbide*, 782 F.2d at 714 (judge timely and effectively renounced interest in litigation when her husband sold his shares of plaintiff's stock upon learning of the potential conflict, even though potential conflict had existed for over two years); *Loef v. First Am. Title Ins. Co.,* Civ No. 08-311, 2012 WL 2913546, at *1 (D. Me. July 16, 2012) (magistrate judge timely and effectively renounced interests in class action upon receiving notice that he and his wife were members of the certified class of plaintiffs, even though class including magistrate had

5

been certified nearly two years earlier and magistrate had been issuing pretrial orders for three-and-one-half years).[1]

### B. The Court Has No Financial Interest In This Case.

Faced with the insurmountable fact that the Court has effectively renounced any claim that it might have as a putative class member, the Moving Plaintiffs alternatively argue that the Court's coverage in a Cigna-administered plan alone creates a financial interest that requires

---

[1] The cases cited by the Moving Plaintiffs (Recusal Br. at 6-11) base recusal on facts not present here—significant specific connection between the judge and a party, the failure to divest a relevant interest, and/or the judge's lack of substantial work on the case at issue. *See Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120 (2d Cir. 2003) (recusal warranted under § 455(a) where judge oversaw bench trial ruling in plaintiff's favor while owning interest in trust containing "$250,000 to $300,000 in [plaintiff's] stock" and court documents clearly showed conflict early on in the case); *In re Maritimes & Ne. Pipeline, L.L.C.*, 349 F. Supp. 2d 175, 179 (D. Mass. 2004) (judge recused himself "without researching whether recusal is mandatory" upon learning that a trust for which he was a trustee owned parent stock of defendant); *see also*, *e.g.*, *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) (finding recusal appropriate where judge oversaw a bench trial in a case involving a disputed transaction that directly benefitted university at which the judge was a trustee); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (finding recusal appropriate where attorney made "several allegations of 'inappropriate behavior'" against judge in letter to newspaper and judge did not recuse himself in case at issue, even though judge recused himself in several other cases involving the attorney without offering any explanation for decision to recuse in some cases but not others); *Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1032 (5th Cir. 1998) (finding recusal appropriate where newly assigned judge had only "ruled on the recusal and remand motions summarily" and "did little additional work on the matter" before disposing of the motions); *In re Cement Antitrust & Concrete Antitrust Litig.,* 515 F. Supp. 1076, 1081 (D. Ariz. 1981) (deciding to recuse based on wife's ownership of stock in several of the plaintiff class members, but noting recusal would not have been necessary had Congress already adopted section 455(f), which was pending before it at the time of the decision). Indeed, one of the cases that the Moving Plaintiffs cite in supposed support of their position found that the court need ***not*** recuse itself in an action against Blue Cross-Blue Shield ("BCBS") even though the court was also a beneficiary of a BCBS plan. (Recusal Br. at 11 n.6 (citing *Kostanick v. Rocky Mountain Hosp. & Med. Serv.*, Civ. No. 94-214, 1994 WL 750604, at *2 (D. Colo. May 11, 1994) (second judge assigned to case found recusal unwarranted).)

6

recusal because any decision may impact the Court's premiums or plan services.[2]  Again, neither the law nor facts support this extreme argument.

As a matter of law, courts routinely find that a judge's participation in a party's health benefits plan does not rise to the level of an interest in the proceedings sufficient to warrant recusal.  *See Christiansen v. Nat'l Sav. & Trust Co.*, 683 F.2d 520, 526 (D.C. Cir. 1982) (finding that where plaintiffs sought to restore funds to health insurance plan, "the interest of subscribing federal judges is too contingent and remote to warrant disqualification"); *Lakeland Anesthesia, Inc. v. La. Health Serv. & Indem. Co.*, Civ. No. 00-1151, 2000 WL 1134365, at *3 (E.D. La. Aug. 9, 2000) (holding that judge's recusal was not warranted merely because judge was a subscriber to one of defendant's health care plans); *Kostanick*, 1994 WL 750604, at *2 (same); *see also* Advisory Op. No. 26, Committee on Codes of Conduct, 2009 Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 26-1 & 2 (judge's interest or participation in government-wide health insurance plan with BCBS or another health insurance company does not constitute "financial interest;" further, even if such participation constitutes a financial interest within the meaning of the Code of Judicial Conduct, it is not "substantial"); *Eckstein v. Kaiser Foundation Health Plan, Inc.*, Civ. No. 05-0880, 2007 WL 2433151, at *10 (Cal. Ct. App. Aug. 29, 2007) (unpublished opinion) (based on federal precedent, concluding that under California law "mere membership in a health plan is insufficient to cause a reasonable person to doubt the member's ability to be impartial").

---

[2] Without seeking this Court's recusal, the Nelson Plaintiffs also ask the Court to consider whether its coverage under a Cigna-administered plan might warrant recusal if a judgment could cause a "substantial increase in premiums or reduction in services."  (Nelson Pls.' Mem. of Law Concerning Recusal [D.E. 728] at 4.)  For the reasons stated in this section, the Nelson Plaintiffs' concern is not a basis for recusal.

Ignoring these cases in the relevant health plan context, the Moving Plaintiffs instead focus on two inapposite Florida cases that involve other types of insurance with far closer ties to the judge's interest. (Recusal Br. at 12-13.) In *Silvin v. Geico*, Civ. No. 11-24128, 2012 WL 1535705 (S.D. Fla. Apr. 30, 2012), the judge's auto-insurance policy was "identical to the Plaintiff's" and therefore "Plaintiff's claims put directly at issue the extent of the [judge's] coverage under the exact same insurance contract." *Id*. at *2. Here, not only will the terms of the Court's Cigna-administered plan differ from the thousands of other distinct health plans representing the putative class, but the reimbursement of out-of-network benefits will necessarily differ because Cigna no longer relies on the Ingenix databases when determining UCR. In *Hartman v. State Farm Mutual Automobile Insurance Co.*, 817 F. Supp. 1566 (S.D. Fla. 1993), the judge had a proprietary interest as a policyholder in a mutual insurance company—an ownership interest that has no equivalent in a health benefits plan such as the one at issue here. *See id*. at 1566. As the D.C. Circuit observed in *Christiansen*, comparing the interest of a policyholder in a mutual insurance company with a subscriber to a health insurance plan:

> the proprietary interest of judges who subscribe to the health insurance plan in question is, in a manner of speaking, less proprietary. That is so because policyholders in a mutual insurance company by definition enjoy collective and entire ownership of the company, each (policyholder) taking a proportionate part in the management of its affairs and being at once insurer and insured participating alike in its profits and losses.

*Christiansen*, 683 F.2d at 526 (internal quotations omitted). Just as the D. C. Circuit found in *Christiansen*, "[n]one of these features are present in this case." *Id*.[3]

---

[3] In addition, unlike here, neither of the judges in *Silvin* and *Hartman* spent any significant time on his case. *See Silvin*, 2012 WL 1535705, at *2 (granting unopposed recusal motion where judge had not yet made any substantive rulings); *Hartman*, 817 F. Supp. at 1566 (judge had only recently been assigned to case).

8

The Moving Plaintiffs erroneously seek to draw from these cases a general principle that a judge's participation in a party's insurance plan requires recusal. But, as the Fifth Circuit has made clear, the argument that a judge "should have recused himself because he was a [defendant] policyholder borders on the trivial." *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 163 (5th Cir. 1994); *see also Killingsworth v. State Farm Mut. Auto. Ins. Co.*, 254 F. App'x 634, 636 (9th Cir. 2007) ("Nor was the district court judge required to recuse himself based upon his status as a State Farm policyholder because the judge's financial interest in the *Killingsworth* litigation was too minor, speculative, and remote.").

Just as they do with the law, the Moving Plaintiffs overlook the facts, specifically how healthcare plans actually work. For instance, any decision against Cigna would have no effect on the Court's current premiums or coverage because those terms are set by contract for the year. In any subsequent year, the forces of competition and the market would constrain Cigna from significantly raising premiums above, or reducing services below, its competitors. In any event, were the plan sponsor (in this case, the employer of Your Honor's wife) unhappy with the price or terms of the Cigna-administered plan, the employer could simply change coverage—as the employer did in this case when it switched to the Cigna-administered plan at the start of 2013. Moreover, in the case of ASO plans, which have historically made up approximately 90 percent of the plans that Cigna administers, Cigna does not fund the plan. As a result, Cigna's financial well-being is irrelevant to the plan's ability to cover its liability under existing premiums.

Given that a judge's participation in a health care plan administered by a party does not require recusal, the Moving Plaintiffs' attempt to bolster its recusal motion here by reference to

9

*In re Aetna UCR Litigation*, Civ. No. 07-3541 (D.N.J.) fails.[4] The Court's only connection to Aetna was as a participant in a secondary health plan—which, for the reasons outlined above, is an insufficient basis for recusal. Moreover, courts regularly reject attempts to base recusal on a judge's alleged contacts with another company in the same industry as a party before that judge. *See, e.g., In re Placid Oil Co.,* 802 F.2d 783, 786-87 (5th Cir. 1986) (holding that judge's investment in a non-party bank did not require his recusal from a case with a different bank as a party, even though that case might have affected the banking industry). The rationale for this decision is obvious. As the Seventh Circuit observed,

> The value of many assets, even the performance of the economy as a whole (and hence all assets), may depend on rules of law. It could be said that no judge who owns a house should render a decision that potentially affects the value of real estate in general, that no judge who owns stock should decide a case under the securities or antitrust laws, and so on. *Effects of this sort are both ubiquitous and too indirect to require disqualification. . . . The effects are small, and almost every judge will have some remote interest of this sort*.

*N.Y.C. Dev. Corp. v. Hart*, 796 F.2d 976, 979 (7th Cir. 1986) (emphasis added). Indeed, accepting the Moving Plaintiffs' sweeping argument would likely disqualify vast numbers of federal judges from hearing any cases involving the major health insurers. This cannot be the case. *See Union Carbide*, 782 F.2d at 716 (rejecting defendant's argument that judge's husband's ownership of $100,000 worth of stock in putative class member company warranted recusal, as following defendant's logic would require that "all judges owning securities of individual companies recuse themselves from any class action in which the plaintiff class included companies" and it is unlikely that Congress intended "[s]uch broad-scale disqualification . . . in passing section 455(b).").

---

[4] Tellingly, the Nelson Plaintiffs have opposed plaintiffs' motion to recuse the Court in the *Aetna* litigation—even though according to the Moving Plaintiffs, the Court's membership in a Cigna-administered plan may still affect the Court's opinions in that case.

Especially in light of the Court's opt-out of any personal stake in this and the *Aetna* litigation, the Court's former membership in a healthcare benefits plan administered by Aetna should be given no weight in this case. *See In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, Civ. No. 02-16000, 2010 WL 395613, at *2-3 (N.D. Ohio Jan. 25, 2010) ("The Court concludes that the public interest in the efficient administration of this long-standing, very complex, and substantial litigation outweighs any countervailing concerns regarding an appearance of impropriety now that the undersigned has divested the interest in [the relevant stock]."); *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 70, 95 (S.D.N.Y. 2001) (no appearance of impropriety can be inferred where judge's actions "remove[d] any conflict that [she] might have had in the case").

## II.     THE MOVING PLAINTIFFS' MOTION TO COMPEL SHOULD BE DENIED.

Not content to burden the Court with a completely unfounded motion for recusal, the Moving Plaintiffs also move for discovery on a host of unnecessary, irrelevant, and privileged topics. The Court should deny their inappropriate motion for unwarranted discovery.

As a threshold matter, there is no need for any discovery on recusal in light of the Court's disclosure to the parties. The decision to allow or deny discovery on a recusal motion "is within the sound discretion of the court." *In re Martinez-Catala*, 129 F.3d 213, 220 (1st Cir. 1997); *see also Cooney v. Booth*, 262 F. Supp. 2d 494, 504-05 (E.D. Pa. 2003) ("the presiding judge may contradict the Movant's factual allegations with facts derived from the judge's knowledge and the record"), *aff'd* 108 Fed.Appx. 739 (3d Cir. 2004). Here, discovery is unnecessary because the facts on the record and applicable law show that there is no basis for recusal. As noted above, the Court fully disclosed the details regarding relevant plan membership and the lack of any claims submitted to Cigna. Just as important, Cigna has discontinued its use of the Ingenix databases when calculating out-of-network benefits. There is nothing more the Court or parties

need to know to conclude that recusal is unwarranted. *See Allen v. Parkland Sch Dist.*, 230 F. App'x 189, 194 (3d Cir. 2007) (upholding district court's denial of discovery request where "[t]here is no indication that [the requested discovery] was required to resolve the recusal motions" and "the allegations in [the movant's] affidavit did not constitute grounds for Judge Rappaport's recusal").[5]

But even if discovery were necessary, the Moving Plaintiffs' requests are neither procedurally nor substantively appropriate. In violation of Local Rule 37.1,[6] the Moving Plaintiffs did not attempt to raise their discovery requests with Cigna before seeking relief from the Court despite having more than two weeks to do so. If a party does not comply with the requirements of Local Rule 37.1, "the court may dismiss the discovery motion." *Locascio v. Balicki*, Civ. No. 07-4834, 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010). Substantively, as Cigna's attached responses and objections to the Moving Plaintiffs' requests show (*see* Ex. 3), the Moving Plaintiffs' recusal discovery requests involve fishing expeditions and attempts to re-

---

[5] In the cases cited by the Moving Plaintiffs (Mem. in Supp. of Mot. to Compel Br. [D.E. 726] at 3-4), courts have found discovery on recusal issues was appropriate where the judge at issue was not forthcoming about the facts—a situation not present here. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 223 (3d Cir. 2003) (given allegations that judge had "close association" and conducted *ex parte* communications with consultants who were appointed by the judge but also represented some of the parties in related proceedings, Third Circuit remanded for discovery into the extent of consultants' activities relating to potential bases for recusal after judge *sua sponte* stayed discovery on the recusal motion); *In re James R. Edgar*, 93 F.3d 256, 258 (7th Cir. 1996) (finding recusal appropriate where defendant learned of *ex parte* communications between judge and his appointed panel of three experts covering the merits of the case and judge "declined to state on the record his own memories of what happened").

[6] Specifically, the Moving Plaintiffs violated Local Rule 37.1(a)(1), which requires parties to "confer to resolve any discovery disputes" and only then to present any unresolved disputes "by telephone conference call or letter to the Magistrate Judge." The Moving Plaintiffs also violated Local Rule 37.1(b), which requires discovery motions to be "accompanied by an affidavit certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court and that the parties have been unable to reach agreement."

open discovery and to obtain privileged information. For example, the Moving Plaintiffs seek discovery into their groundless and inflammatory insinuations that Cigna's counsel had prior knowledge of the Court's involvement in the Cigna-administered plan and, even more absurdly, in the Aetna-administered plan. The Moving Plaintiffs have no basis for these allegations, and Cigna's counsel had no knowledge of the Court's secondary coverage under a Cigna plan or an Aetna plan until the Court disclosed this information during the January 23, 2013 hearing. The Moving Plaintiffs also seek extensive burdensome discovery into such issues as "the [action's] potential impact on the company and its policyholders." (Mem. in Supp. of Mot. to Compel Br. [D.E. 726] at 6.) Such requests represent an unjustified attempt to re-open merits discovery or seek privileged information. Cigna has already provided the Moving Plaintiffs with 30 million pages of documents and answers to dozens of interrogatories over the course of more than three years.

Here, no discovery is warranted because the Court has already disclosed all of the information necessary to determine that recusal is not warranted. Even if this were a case where discovery were appropriate, it would not be the broad fishing expedition contemplated by the Moving Plaintiffs' discovery requests. Instead, it would be limited to confirming what the Court has already disclosed on the record, namely, that the Court has not submitted any claims to Cigna.

13

## CONCLUSION

For the reasons stated above, the Moving Plaintiffs' motions to compel and for recusal or disqualification should be denied in their entirety.

Dated:  February 19, 2013

|  |  |
|---|---|
|  | s/Brian J. McMahon |
| William H. Pratt, Esq. | Brian J. McMahon, Esq. |
| Frank Holozubiec, Esq. | E. Evans Wohlforth, Jr., Esq. |
| Joshua B. Simon, Esq. | William P. Deni, Jr., Esq. |
| Ryan M. Morettini, Esq. | GIBBONS P.C. |
| KIRKLAND & ELLIS LLP | One Gateway Center |
| 601 Lexington Avenue | Newark, New Jersey  07102-5310 |
| New York, New York 10022 | (973) 596-4500 |
| (212) 446-4800 |  |

*Attorneys for Defendants Connecticut General Life Insurance Company, CIGNA Corporation, and CIGNA Health Corporation*