NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLERY FRANCO,<br><br>Plaintiff,<br><br>v.<br><br>CONNECTICUT GENERAL LIFE INSURANCE CO., et al.,<br><br>Defendants. | Civil Action No. 07-6039 (SRC)<br><br>OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Plaintiffs Darlery Franco ("Franco") and David Chazen ("Chazen") (collectively "Moving Plaintiffs") for the disqualification and recusal of the undersigned judge pursuant to 28 U.S.C. § 455. The motion has been opposed by Defendants (which will hereinafter be referred to simply as "Cigna"). By way of background, the Court notes that when this matter was filed in 2007, it was originally assigned to another district judge and later reassigned to the undersigned on May 21, 2009. Since he began handling this matter, the undersigned has issued numerous orders, including rulings on significant dispositive motions. All but one of those rulings were made prior to the undersigned's becoming a Cigna insured. On January 16, 2013, the undersigned issued an order, and an accompanying opinion, denying the motion for class certification filed by Subscriber Plaintiffs, who include Franco and Chazen.

1

As the Moving Plaintiffs state in their briefs, this motion for recusal was precipitated by the Court's January 23, 2013 disclosure, made on the record of proceedings in this matter, that as of January 1, 2013, the undersigned became an insured of Cigna by virtue of a health benefits plan offered by his wife's employer, which decided to switch carriers beginning in calendar year 2013. The previous carrier selected by that employer for the employee health benefit plan was Aetna, which, as the parties know, is the Defendant in another similar "UCR" action also pending before the undersigned. The Court notes that it additionally disclosed on the record of proceedings in this action that, prior to January 1, 2013, and for the entirety of the time during which this action has been assigned to the undersigned's docket, the undersigned and his wife were insured under the employer's Aetna health plan. The undersigned further disclosed that both the Aetna plan, effective prior to January 1, 2013, and the Cigna plan, effective as of January 1, 2013, provided the undersigned with secondary coverage, as the undersigned has at all relevant times maintained primary health insurance coverage through his employer, the United States District Court. That primary carrier is the Government Employees Health Association.

The disclosures made by the Court on January 23, 2013 also included information confirming that the undersigned had made no out-of-network ("ONET") claims to the Cigna plan from the date coverage under the plan commenced through and including the date of the disclosures.[1] The undersigned further announced on the record that he and his wife (with her express authorization to speak on her behalf) were prospectively excluding themselves from membership in the putative class, as defined by Subscriber Plaintiffs' motion for class

---

[1] The undersigned stated that he had obtained the services of two providers on two separate dates in early January, 2013. Both of those providers are in Cigna's network of preferred providers, that is, they are not ONET providers.

certification, and, moreover, disclaiming any claim and/or potential interest they could have with respect to the subject matter of this lawsuit against Cigna.

Franco and Chazen take the position that the undersigned is nevertheless disqualified from presiding over this action pursuant to 28 U.S.C. § 455(a) and (b)(4). Section 455(a) requires a judge to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under § 455(b)(4), a judge must recuse himself if [h]e knows that he, . . . or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Moving Plaintiffs argue that regardless of the prompt disclosure of the judge's realization that his wife's company had switched to a Cigna health plan as of January 1, 2013 and regardless of the accompanying waiver of any right they might have against Cigna relating to the subject matter of this lawsuit, it is a fact that the undersigned denied class certification at a time when he and his wife were, according to Moving Plaintiffs, putative class members. According to Franco and Chazen, class membership, and particularly class membership at a significant moment in the litigation, gives rise to both a reason to question the undersigned's impartiality and a financial interest of the judge in the litigation.

The disqualifying circumstances on which the motion is based do not, however, exist. This action revolves around the an alleged denial of ERISA plan ONET benefits due to flaws in the Ingenix data used to determine ONET claims. Despite the strong assertions by Franco and Chazen that the undersigned and his wife became putative class members when coverage under the Cigna plan took effect, the putative class has never been so broad as to consist of all Cigna

insureds.  The class definition proposed by Subscriber Plaintiffs themselves bears repeating.  As to the proposed ERISA Subscriber Class, it would consist of:

> All persons in the United States who are, or were, from March 1, 1998 through the date set by the Court as the outside class date ("class period"), members in [a] group health care plan insured or administered by CIGNA subject to ERISA who received medical services (including hospital, ambulance, physician, mental health, pharmaceutical, or any other type of medical services or supplies) from a Nonpar provider for which CIGNA (or anyone acting on behalf of CIGNA) allowed less than the provider's billed charge.

(Consol. Am. Compl., ¶ 348.)  The RICO class definition is substantially similar.  (See Id., ¶ 351.) The Court, as the parties know, has observed that this definition lacks precision for a number of reasons, including most significantly its complete silence on the reason the ONET reimbursements were allegedly in violation of subscribers' ERISA plan rights, that is, determination based on the Ingenix database.  Distilled to its essence, class membership requires, at a minimum, that an insured have made an ONET claim under his or her Cigna plan and received a benefit amount which was determined using Ingenix data regarding the "usual and customary rate" for the service.  As the undersigned made clear on the record, between the effective date of Cigna coverage for the judge and his wife and the date of the disclosure of that coverage, no ONET claims were made by him.  The Court also observes, albeit in the most superfluous manner, that even if ONET claims had been made in that three-week period of time, such claims would not bring the undersigned and/or his wife within the class Franco and Chazen were seeking to represent, as Cigna ceased using Ingenix to determine ONET claims in 2011, long before the undersigned and his wife became Cigna plan beneficiaries. Cigna's assertion that it discontinued use of Ingenix in 2011 has not been controverted.  No facts gave rise to any personal interest by the judge prior to the January 23, 2013 disclosure of coverage and clearly,

none could going forward. In other words, Franco and Chazen point to no evidence that would cause a reasonable observer to doubt the Court's impartiality or that would give rise to a financial interest of the judge or his wife in the subject matter in controversy.

The Court does not intend here to minimize the concerns expressed by Franco and Chazen in their motion, but rather to act in conformity with the principle that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." In re Literary Works in Electronic Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007) (quoting In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)). Moreover, in an excess of caution, the undersigned renounced any potential interest that may arise as he and his wife continue to be Cigna insureds, exercising the curative provision of 28 U.S.C. § 455(f). Id. at 139-40. Section 455(f) provides as follows:

> Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C. § 455(f).

Recusal here, in short, is not required for two reasons: First, as the Court explained above, no disabling conflict or reasonable basis to doubt this judge's impartiality existed prior to the January 23, 2013 divestiture, and second, insofar as an interest could hypothetically materialize in the future, the curative divestiture of such a minor, and at this point, purely illusory interest (given the discontinuation of Cigna's use of the Ingenix database for

5

reimbursement determinations) allows the undersigned to continue to preside over this action. There is no reason to doubt the undersigned's impartiality, moreover, on the ruling of the class certification motion, which was made in the narrow period of time before the undersigned realized that his secondary health coverage, through his wife's employer, had days before the ruling been switched to a Cigna plan. In this regard, the Court finds persuasive the rationale offered by the Second Circuit judges in the Literary Works recusal opinion for their conclusion that Section 455(f) soundly supports a judge's ability to continue handling a case without sacrificing either impartiality or even the appearance of impartiality. Literary Works, 509 F.3d at 143-44. They observed that no incentive to favor one party could exist before a judge realizes he has a financial interest and no such incentive could exist after renouncing that interest. Id. at 143-44 (relying on an opinion expressed by Seventh Circuit Judge Posner in Union Carbide Corp. v. U.S. Cutting Serv., Inc., 782 F.2d 710, 714 (7th Cir. 1986)).

Moving Plaintiffs also argue, however, that curative divestiture is not possible in this action. They maintain that the effort to disclaim any interest in a potential class recovery, opt out of class membership and waive individual rights and causes of action against Cigna relating to the subject matter of this suit does not extinguish the judge's financial interest in this lawsuit because he and his wife continue to be Cigna insureds going forward. Participation in a Cigna health plan, Franco and Chazen assert, places the judge in a position in which he stands to be impacted in the form of higher insurance premiums or reduced coverage that might result from an adverse judgment against Cigna. Such a financial interest in the defendant insurance company requires recusal, according to Franco and Chazen, in light of the applicable advisory opinion issued by the United States Judicial Conference Committee on Codes of Conduct. That opinion, Advisory Opinion No. 26, which addresses judicial disqualification when the judge or

6

one of his close family members holds an insurance policy with a company that is a party, states in relevant part that

> when an insurance company is a party, the judge ordinarily need not recuse unless the judge has a financial interest in the company. The judge has a financial interest in the company only if the outcome of the proceeding could substantially affect the value of the judge's interest in the company. This could occur if, as a result of a judgment against the insurance company in the particular case, the judge's premiums could be significantly increased or coverage substantially reduced.

Advisory Op. 26, Judicial Conference of the United States, Committee on Codes of Conduct, Guide to Judiciary Policy., Vol. 2B, Ch. 2 (2009).

The problem with this argument by Moving Plaintiffs is that it is based on nothing but conclusory assertions and speculation about the potential effect, if any, of an adverse judgment against Cigna on the health plan sponsored by the employer of the undersigned's wife. Citing to Cigna's 10-k report for 2011, Franco and Chazen state that Cigna has acknowledged that an adverse judgment in this action could be "material." No effort is made to demonstrate that the projected "material" impact of this litigation would affect the coverage or premiums on the undersigned's plan, much less expose the judge or his spouse to a *significant* premium increase or a *substantial* reduction in coverage. See Advisory Op. 26, supra. To the contrary, as Cigna points out, the current premiums and coverage for the Cigna health plan under which the judge is covered must, contractually, remain in effect for all of 2013. As Cigna further indicates, the argument raised by Franco and Chazen fails to address how other forces, such as competition, might constrain Cigna from significantly raising premiums or reducing coverage. Recusal based on pure speculation, unsupported by facts demonstrating a judge's personal stake in the litigation or the appearance of bias, would simply violate this Court's obligation to preside over a case assigned to him. See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) ("There is as much

obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is."); see also United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) (holding that recusal based on the mere accusation of bias, without factual support, would lead to the unacceptable result of giving litigants or third parties veto power over the assignment of judges).

Equally baseless is the concern expressed by Moving Plaintiffs that the undersigned's impartiality with respect to this action might be called into doubt based on his participation in an Aetna health plan for the entirety of the time he presided over this action against Cigna. Franco and Chazen argue that the "interrelationship" between the UCR cases pending in this district, including the UCR action against Aetna assigned to the undersigned as of June 2011, create a situation in which the judge's disqualifying circumstances as to one defendant affects all of the other defendants in the UCR cases. This argument, quite frankly, borders on the frivolous. The UCR cases, though similarly based on various health insurers' practice of determining ONET benefits using Ingenix data, are not "fundamentally . . . a single issue case with multiple defendants," as Franco and Chazen assert in their moving brief. (Pl. Br. At 5.) Neither Aetna nor any other insurance company is a party to the lawsuit pursued by Franco and Chazen, and the undersigned is amply capable of distinguishing between cases on his docket. The undersigned should not, and will not, recuse himself based on "unsupported, irrational, or highly tenuous speculation." Greenough, 782 F.2d at 1558.

The undersigned has addressed the various arguments and concerns raised by Franco and Chazen in their motion for recusal under § 455 in an endeavor to be comprehensive and to give this serious charge of disqualification the attention it deserves. However, the undersigned and his wife have never been nor could ever become members of the putative class in this case, given

8

the inception of Cigna plan coverage long after Cigna ceased using Ingenix data.  The movants have presented no facts that would constitute an objective basis to question the undersigned's impartiality or indicate that the undersigned has a disabling, incurable financial interest in the subject matter in controversy or in a party to this lawsuit.  Nothing has triggered the recusal obligation under either § 455(a) or (b)(4).  Accordingly, the motion filed by Franco and Chazen will be denied.


    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated:  April 15, 2013