NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARLERY FRANCO, | : : : | Civil Action No. 07-6039 (SRC) |
| Plaintiff, | : : |  |
| v. | : : | **OPINION & ORDER** |
| CONNECTICUT GENERAL LIFE INSURANCE CO., et al., | : : : |  |
| Defendants. | : : |  |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendants, which the Court will refer to collectively as "Cigna," to strike the September 5, 2013 expert report of Dr. Stephen Foreman (the "2013 Foreman Report") and the September 5, 2013 Declaration of Frank Cohen (the "Cohen Declaration"). Plaintiffs have opposed the motion. The factual background of this case is well-known to the parties and will not be repeated in this Opinion.

      For purposes of this motion, the Court sets forth the following pertinent details regarding Plaintiffs' attempts at obtaining certification of a subscriber class pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiffs filed their first motion for class certification on December 19, 2011. By that date, the time period for conducting all expert discovery, on both the merits and class certification issues, had been closed for an entire year. Plaintiffs had served expert reports authored by Dr. Foreman concerning a model for calculation of classwide damages, which was based on computations regarding the alleged downward bias of the Ingenix data used by Cigna to

1

determine out-of-network benefits. However, they ultimately abandoned the "downward bias" model he proposed and, instead, proffered their own "billed charges" model in support of the Rule 23(b)(3) motion. When the Court denied Plaintiffs' first motion for class certification, by Opinion and Order dated January 16, 2013, it held, among other things, that the damages model Plaintiffs set forth, which calculated damages based on providers' billed charges, bore "no relation to the plans on which the ERISA claims rely." Franco v. Cigna, Jan. 16, 2013 Op. at 32. Following this ruling, at an in-person conference held by the Court on June 18, 2013, Plaintiffs raised the possibility of filing a second motion for class certification, specifically indicating their intent to cure the deficiencies in meeting the Rule 23(b)(3) requirements, as identified by the Court in its Opinion of January 16, 2013. They did not, at that time or thereafter, apply, formally or informally, for the modification of any other orders, including the case management orders setting an April 6, 2010 deadline for producing affirmative class expert reports and a December 17, 2010 deadline for conducting all expert discovery.[1]

With the Court's permission, Plaintiffs filed their second motion for class certification on September 5, 2013. In support of that motion, Plaintiffs also filed two new expert reports: the 2013 Foreman Report and the Cohen Declaration, which together set forth a different methodology than either Dr. Foreman's downward bias model repudiated by Plaintiffs or the

---

[1] These deadlines were set by the March 16, 2010 and the October 8, 2010 Orders, respectively, issued by then Magistrate Judge Patty Shwartz, who carefully, ably and diligently oversaw the parties' completion of fact and expert discovery of this complex action. The Court notes that the record contains numerous case management orders, which reflect the Court's protocol for handling discovery disputes, repeated extensions of time to produce reports and conduct discovery and overall detailed attention to the progress of this litigation.

billed charges model rejected by the Court. Cigna now seeks to strike 2013 Foreman Report and Cohen Declaration, on the grounds that their disclosure outside the time period ordered by the Court warrants an order pursuant to Federal Rule of Civil Procedure 37 precluding Plaintiffs from relying on these reports.

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1). Plaintiffs do not dispute the fact that they did not disclose the 2013 Foreman Report and the Cohen Declaration within the time frame set by this Court's case management orders, as required by Rule 26(a)(2). Instead, they have argued that the instant motion should be denied because Cigna did not confer with Plaintiff in good faith to resolve this dispute, did not raise this matter with the magistrate judge before filing the motion to strike and does not meet the Third Circuit's test for evaluating whether Rule 37 sanctions are appropriate. The Third Circuit has adopted the following test for the imposition of sanctions under Rule 37:

> In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, we must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

These four factors are readily met by Plaintiffs' belated production of two new expert reports submitted to bolster their once-failed attempt at obtaining Rule 23(b)(3) class certification.  The prejudice to Defendants and willful disruptiveness to this litigation caused by Plaintiffs cannot be overstated.  Plaintiffs have unilaterally, without warning to Defendants or permission from the Court, proffered a different methodology for calculating classwide damages than they had previously presented in connection with class certification, either through Dr. Foreman's earlier opinion or Plaintiffs' briefing on the first Rule 23 motion.  Indeed, Plaintiffs' conduct has been quite egregious.  The new expert reports were served over three years after the deadline ordered by the Court for affirmative expert reports and long after the close of expert discovery.  Despite the extreme untimeliness of the new reports, Plaintiffs shockingly take the position that Defendants are not prejudiced because no trial date has been set, and that besides, "even if it could be said that Defendants are somehow 'prejudiced' by consideration of the Foreman Report and the Cohen Declaration, it is clear that any such alleged prejudice is easily curable" by a re-opening of discovery.  (Pl. Br. at 7.)  To be blunt, Plaintiffs have taken quite a cavalier attitude towards abiding by the Court's time frame for the development of this litigation. It is clear that Plaintiffs' September 5, 2013 production of expert reports on a class damages model would give Defendants no opportunity to depose Dr. Foreman or Mr. Cohen about their opinions, unless, as the Plaintiffs appear to have calculated, the Court would indulge their willful disregard of its scheduling orders and re-open discovery to cure this prejudice to Defendants. Plaintiffs give absolutely no explanation for failing to apply for relief from the long-expired discovery deadlines. At no time either during the in-person conference in which Plaintiffs indicated their intention to file a second motion for class certification, or in the weeks that

4

followed, did Plaintiffs ask for permission to submit new expert reports outside the time set by the case management order. Nor did they present the Court with a reason that the reports could not have been produced in a timely manner, so that their adversary might have an opportunity to respond to the stated explanation and the Court could weigh the fairness of allowing a new, untimely report setting forth Plaintiffs' third attempt at constructing a reliable classwide damages methodology. Perhaps Plaintiffs anticipated this Court's decision, in light of the opinion it issued earlier this year in another putative class action involving "UCR" claims, affirming the magistrate judge's denial of the plaintiff's request to re-open discovery to produce a new expert report on class damages. See McDonough v. Horizon Blue Cross Blue Shield of New Jersey, No. 09-571, Jan. 22, 2013 Op. The Court reiterates the view it expressed in McDonough: a litigant's fear of the likely outcome of a request for relief from deadlines does not justify avoidance of the proper process, in the hopes that, after-the-fact, the transgression will be forgiven.

In their brief opposing Cigna's motion to strike, Plaintiffs make a feeble and unconvincing effort to cast their maneuver as an innocent and well-intentioned attempt to address the Court's critique of their billed charge damages model and rectify their failure to demonstrate that that common questions as to damages would predominate over individual issues and that a class action trial would be manageable. Plaintiffs state that, given the Court's observations in the January 16, 2013 class certification opinion about what might constitute a damages model that bears a relation to ERISA plan language regarding out-of-network benefits, their new expert reports were simply intended to follow the Court's prescription and, further, to comply with the Supreme Court's 2013 opinion in Comcast Corp. v. Behrend, holding that, to satisfy Rule 23, "any model supporting a 'plaintiff's damages case must be consistent with its liability case.'" (Pl. Br. at 15, quoting Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013)).

While no rule or authority precludes an initially unsuccessful plaintiff from filing a second Rule 23 motion for class certification, a failure to hit the mark the first time is not an excuse to press the restart button on litigation. Plaintiffs' contemplated approach to obtaining class certification by successive approximation to the Rule 23 requirements cannot be accompanied by revisiting those phases of the litigation which have concluded.

Plaintiffs' proposed solution to the disruption caused by production of admittedly out-of-time expert reports not only asks the Court to sanction Plaintiffs' decision to ignore case management orders but also asks the Court to protract the resolution of a case filed almost six years ago.  The second motion for class certification in and of itself extends the life of this lawsuit.  For Plaintiffs to misuse this opportunity to force a re-opening of class expert discovery is completely unacceptable.  Plaintiffs' argument that any delay would be of de minimis impact on this litigation because a trial date has not yet been set misapprehends the effect of their actions.  As the Court expressed in the McDonough v. Horizon opinion referenced above, a plaintiff's "intentional and dilatory conduct cannot be rewarded if complex cases, such as this action and the other "UCR" actions ably handled by Judge Shwartz, are to be effectively managed."  McDonough, No. 09-571, Jan. 22, 2013 Op. at 6.  The sanction sought by Cigna for Plaintiffs' disregard of the Court's orders and violation of Rule 26(a)(2)'s disclosure requirements is warranted and appropriate.

Accordingly, for the reasons set forth above,

**IT IS** this 1st day of November, 2013,

**ORDERED** that Cigna's motion to strike the September 5, 2013 expert report of Dr. Stephen Foreman and the Declaration of Frank Cohen [docket entry 771] be and hereby is **GRANTED**; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are precluded from using and/or relying on the September 5, 2013 expert report of Dr. Stephen Foreman and the Declaration of Frank Cohen for any purpose, including but not limited to supporting a motion for class certification under Rule 23.

    s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge